## TOM WILSON v. THE STATE.

1. ACCOMPLICE; TESTIMONY OF. *Sufficiency of to convict.*
    A conviction may be had on the uncorroborated testimony of an accomplice.

2. SAME. *Instruction. Caution. Discretion as to terms used.*
    It is sufficient to instruct for defendant that the testimony of an accomplice is to be received and considered with caution; and it must, in large measure, be left to the trial court to choose the language in which the caution shall be given. *Cheatham* v. *State,* 67 Miss., 335, cited.

3. SAME. *Caution; not jealousy and distrust. Instruction.*
    Where the court refuses to instruct for defendant that the testimony of an accomplice is to be considered with jealousy and distrust, but gives in-

structions announcing that such testimony should be weighed with great care and caution, and that the jury may disregard it altogether, if believed to be untrue, the accused has no cause to complain.

4. INSTRUCTION. *Singling out facts. Connected evidence considered.*

It is proper to refuse instructions that certain designated facts proved are not evidence of guilt, where such facts (though in themselves not such evidence), when taken with others, tend to show the guilt of defendant.

5. SAME. *Abstract proposition. Useless charge. Refusal proper.*

An instruction that "the jury can look to no material fact or circumstance to establish another fact or circumstance, unless the fact or circumstance looked to or relied upon has first been established to the exclusion of every reasonable doubt," is properly refused, as not easily intelligible, and of no practical use.

FROM the circuit court of Grenada county.

HON. C. H. CAMPBELL, Judge.

Appellant was convicted of burglary, principally upon the testimony of one Ed Wall, an accomplice. The testimony showed that appellant and Wall broke and entered a store, and took therefrom certain goods, including some white knit goods. Irene and Clyde Crawford, witnesses for the state, testified that, soon thereafter, they saw the defendant, Tom Wilson, in a garden near a house in which the goods were afterward found, with a white hood on his head, but that he made no effort to conceal the same from them, though he knew they saw him with it on. There was also other evidence tending to show that the defendant had in his possession some of the property alleged to have been stolen. He denied all connection with the crime.

The court gave a number of instructions at the instance of defendant. Among them; the following were modified as indicated below:

"The court instructs the jury that the evidence of an accomplice should be weighed with great caution [jealousy and distrust], and the jury may disbelieve such testimony altogether, *if they believe it untrue, the jury being the sole judges of the credibility of the evidence.*

"Although Ed Wall, the alleged accomplice, swears that defendant assisted him in the commission of the crime, yet the jury are not bound to accept his evidence as true, or any part thereof, *if they believe it untrue*, and the jury should weigh the testimony of an accomplice with great care and caution [distrust and suspicion]."

The words in brackets were stricken out, and those in italics were added by the court. Defendant excepted to the modifications.

The following instructions asked by defendant were refused:

"9. The fact, if it be true, that property recently stolen was seen in the possession of the defendant, is no evidence that he is guilty of the burglary.

"10. The court instructs the jury that, although·they may believe from the evidence that the defendant had on his head a white hood when he was in the garden, yet this is no evidence that the defendant committed the alleged burglary.

"11. The jury can look to no material fact or circumstance to establish any other fact or circumstance, unless the fact or circumstance looked to or relied upon has first been established to the exclusion of every reasonable doubt."

*William C. McLean*, for appellant.

1. While a conviction upon the uncorroborated testimony of an accomplice is good, the court will reverse where the slightest error appears. *Hughes* v. *State*, 58 Miss., 355.

It was error to modify defendant's instructions by striking out the words "jealousy and distrust." *Keithler* v. *State*, 10 Smed. & M., 192; *White* v. *State*, 52 Miss., 216; *Green* v. *State*, 55 *Ib.*, 454; *Cheatham* v. *State*, 67 *Ib.*, 335.

All courts agree that it is the duty of the trial courts to instruct as to the suspicion and distrust attaching to the testimony of an accomplice. It is not sufficient merely to charge that it is to be received with great caution. All testimony in criminal cases must be thus received.

It was improper to insert the words "if you believe it to be untrue." The effect of this was to impress the jury with the idea that the judge believed the testimony, and thought there should be a conviction. It is the law that the testimony of an accomplice is not entitled to the same credibility as that of other witnesses, and it is the duty of the court to instruct upon this and all other legal points.

2. It was error to refuse defendant's tenth instruction. There was no sufficient identification of the hood as part of the stolen property, and the jury could not look to the circumstance that defendant had something on his head as evidence of guilt.

3. The refusal of defendant's eleventh instruction was error. This instruction announces a rule of common sense as well as law. *Webster's Case*, 5 Cush. (Mass.), 295. It was material and extremely important in this case.

For the granting of the state's instructions and the refusal to give those asked by defendant, the judgment should be reversed.

*Frank Johnston*, attorney-general, for the state.

Defendant's ninth instruction was properly refused. *Davis v. State*, 50 Miss., 86; *Foster v. State*, 52 *Ib.*, 695.

So of the tenth. The particular fact referred to, while of itself not evidence of guilt, when taken with other facts proved, tended to show the guilt of defendant. It was proper to admit the evidence, and leave its weight to the jury without comment. *Hogsett v. State*, 40 Miss., 522.

The eleventh instruction incorrectly announced the rule of law applicable in cases of circumstantial testimony. It would have only perplexed the jury.

The law was correctly given, and the defendant was not prejudiced by the refusal of any of the instructions asked. *McGuire v. State*, 37 Miss., 369.

The modifications of defendant's instructions as to the testimony of the accomplice were clearly correct. *Cheatham v. State*, 67 Miss., 335.

CAMPBELL, C. J., delivered the opinion of the court.

The testimony in this case is very satisfactory as a support for the verdict. The convict and accomplice, Wall, is corroborated in his evidence by testimony tending strongly to convict Tom Wilson. Were this not the case, the jury might have convicted on the uncorroborated testimony of the accomplice, as has been often held.

We find no reversible error in the instructions given or refused. The court instructed liberally for the defendant. It told the jury " the testimony of an accomplice should be weighed with great caution, and the jury may disbelieve such testimony altogether, if they believe it untrue, the jury being the sole judge of the credibility of the witness;" and that " the jury are not bound to accept Wall's evidence as true, or any part of it, if they believe it untrue, and the jury should weigh the testimony of an accomplice with great care and caution." This was all the defendant was entitled to. The criticism is made by counsel for appellant that the clause, " if they believe it untrue," inserted in the instructions is not proper, because, he argues, that is equally applicable to the testimony of all witnesses, and no distinction is made between accomplices and others, when the jury is told it may disregard the testimony of an accomplice if it is not believed, since it may reject any testimony believed to be untrue. As to the operations of the mind in dealing with testimony, we are not aware of any distinction between the sources of it as affecting the right to reject it if it is disbelieved. Belief is not voluntary. One cannot believe as he pleases. The contaminated source of testimony may and should cause caution in examining and considering it, and may, in itself, lead to suspicion and distrust as to its truth, but it may compel belief, and, if it does, it is as good a foundation for a result as any other. The testimony of an accomplice is from a suspicious source. It is to be viewed with caution and carefully scrutinized, because of its polluted source; but, being competent and admitted, it is to perform its office, and, if it se-

cures credit notwithstanding its source, it is to be acted on; if it is believed to be untrue, it is to be disregarded, just as any other testimony which does not command the assent of the mind.

The ninth and tenth instructions asked by the defendant were rightly refused, because they asked the court to charge that certain circumstances they severally mention were "no evidence that he is guilty of burglary." These circumstances, while in themselves not evidence of guilt, were some evidence, taken in connection with other evidence, tending very strongly to show the defendant's guilt.

Instruction number eleven, asked by defendant, would be wholly useless in the hands of an ordinary jury, and, while true in its proposition, was properly refused as of no practical use.

The appellant complains because the court refused to instruct the jury "that the evidence of an accomplice should be weighed with great caution, jealousy and distrust, and the jury may disbelieve such testimony altogether." The court said to the jury that such testimony "should be weighed with great care and caution," and was to be rejected if believed untrue. This was enough. The court was not bound to pile up words suggestive of a desire for the jury to dismiss as unworthy of consideration the testimony of the accomplice. Having cautioned the jury as to the suspicious source of such testimony, it was proper to leave the jury to deal with it according to its effects on the minds of the jurors, who are not likely to accept too readily such testimony. The rule is for the presiding judge to inform the jury that the testimony of an accomplice is to be received and considered with caution, as from a polluted and suspicious source, but it must, in large measure, be left to the judge to choose the language in which this caution shall be given. There is no uniform rule. Cases vary with circumstances. In some cases stronger words of caution might be more appropriate than in others. In *Green* v. *State,* 55

Miss., 454, the judgment sentencing to death was reversed because of the refusal of the trial court to give an instruction asked by the accused, to the effect that "the testimony of an accomplice in crime should be received with the utmost caution, and the jury may wholly disbelieve such testimony altogether." That case, in the opinion of the court, called for the instruction asked, the only one on that subject. But it was not the intention of the court to announce the rule that an accused person is entitled to have the jury instructed in the precise language of that instruction. If the jury is duly cautioned as to the testimony of an accomplice, the law is satisfied. In *Cheatham* v. *State*, 67 Miss., 335, this matter is discussed, and the view we entertain expressed. In *Commonwealth* v. *Holmes*, 127 Mass., 424, may be found a full discussion of the subject, including what is meant by corroborating testimony as relating to the testimony of an accomplice. See also 3 Rice on Evidence, § 319, where the whole subject is thoroughly treated.

*Affirmed.*