522 So.2d 752 (1988)
George Guy DERDEN, III
v.
STATE of Mississippi.
No. 57555.
Supreme Court of Mississippi.
March 16, 1988.
Jim Waide, Estes & Waide, Tupelo, for appellant.
Edwin Lloyd Pittman and Mike Moore, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and SULLIVAN and ZUCCARO, JJ.
SULLIVAN, Justice, for the Court:
George Guy Derden, III, was convicted of burglary by the Circuit Court of Clay County, Mississippi and sentenced to seven (7) years in the custody of the Mississippi Department of Corrections. Only one of *753 the assignments of error presented to this Court by Derden merits discussion.

I.

WAS DERDEN DENIED A FAIR TRIAL IN VIOLATION OF DUE PROCESS BECAUSE THE PROSECUTION OBTAINED PROMISES BY THE JURORS TO BELIEVE THE STATE'S CO-CONSPIRATOR WITNESSES?
At the trial, Will Sherrod, Jay Posey and Thomas Turner testified that they with George Derden and Derden's girlfriend, Pam Smith, burglarized Wade's Grocery in Pheba, Mississippi, some time around 12:00 o'clock on January 10, 1983. Derden testified in his own behalf and offered an alibi defense. The jury did not believe the defense.
The following discussion took place during voir dire:
MR. ALLGOOD:
Very well. The court has  has told you somewhat of the nature of this case. Now it is  it is a burglary of a business. Now the State expects the proof to show that there were a number of people that went out to burglarize that building on this particular evening, as a matter of fact, five is what the State expects the proof to show. Now three of those people are going to testify for the State, and I think it's going to become apparent that  that there had been what has usually called quote "deals" unquote made with these three other people in order to  to  for them to testify. Now my questions to you in this regard is simply this: First of all, do any of you feel that such testimony, such arrangements, if you will, are inherently untruthful, would inherently cause the witness not to tell the truth?
MR. WAIDE:
Your Honor, if the Court please, I object to that; that's a question for the jury to determine as to whether it would. I don't think he's  this is the proper time to be arguing about that.
MR. ALLGOOD:
It's not arguing,, your honor, I'm asking a question.
THE COURT:
All right, just ask questions.
MR. ALLGOOD:
Thank you, your honor.
THE COURT:
Don't argue your case.
MR. ALLGOOD:
Do any of you feel that such testimony from such witnesses is inherently untruthful? (No response)
MR. ALLGOOD:
If you have any reservations about that, now would be the time to raise your hand.
MR. WAIDE:
Your Honor, if the court please, for the record I do object to that. I think it's an improper question, incorrect according to law.
THE COURT:
All right, the record will reflect your objection, you may proceed. I believe they've answered the question, counselor.
MR. ALLGOOD:
Thank you, your honor. Now would anybody  anybody simply disregard the testimony of those witnesses simply because of a plea bargain arrangement with them?
MR. WAIDE:
If the court please, I object to that now; the jury may entirely disregard it if they find from the evidence it should be disregarded, and that's an improper question.
THE COURT:
The court will instruct them on that, Counselor, at the proper time.
MR. ALLGOOD:
Would anybody simply disregard their testimony simply because of that plea bargain arrangement? (No response)
MR. ALLGOOD:
All right, second, on this one point: Would any of you automatically disbelieve it just because it was made in this context? (No response)
MR. ALLGOOD:

*754 Okay, there is  basically what I'm trying to get to and I  and  as I understand it, you are all telling me that you will weigh their testimony as you would anybody else's. If anybody says that they cannot do that, that they could not weigh their testimony as they would anybody else's would you please indicate it now by raising your hand?
MR. WAIDE:
Your honor, to which I object because they're not entitled as a matter of law to have their testimony weighed as anybody's else's. That's an incorrect statement of the law.
THE COURT:
 Believability or credibility of witnesses at the proper time. Let's move on.
MR. ALLGOOD:
Thank you, your honor. Is that  if any of you have any problem with that statement that you would weigh their testimony as you would anybody else's, would you please raise your hand? (No response).
First it should be noted that the district attorney was attempting to determine whether or not the prospective jurors would automatically disbelieve the testimony of the co-conspirators on the sole basis that they were co-conspirators. In doing so he came perilously close to extracting a promise from the jurors and he did misstate the law to the panel.
The district attorney could have asked of the panel "if any one of them would automatically reject the testimony of a co-conspirator as untrue simply because he was a co-conspirator? That would have been sufficient.
Error was committed when the prosecutor said to the jury that they could weigh the testimony of the co-conspirators just as they would anybody else's. Defense counsel properly objected at that point on the grounds that that was not a correct statement of law and the court did not sustain the objection. However, when it came time to instruct the jury on the law the trial court quite properly granted the following instruction:
I charge you that Jay Posey, Willie James Sherrod and Tommy Turner have admitted being accomplices to this burglary.
You are to regard this testimony with great suspicion and to consider it with caution.
Had the trial judge not granted this instruction, the colloquy set out above would constitute reversible error and an abuse of discretion by the trial judge and it would be necessary for this Court to reverse the conviction. However, because the trial judge properly granted the "caution and suspicion" instruction the jury was properly instructed as to the law and the conviction can be affirmed.
Clear law in the State of Mississippi is that the jury is to regard the testimony of co-conspirators with great caution and suspicion. Winters v. State, 449 So.2d 766, 771 (Miss. 1984); Simpson v. State, 366 So.2d 1085 (Miss. 1979); Thomas v. State, 340 So.2d 1 (Miss. 1976).
As a general rule a trial judge should not hesitate to grant the cautionary instruction when the State is relying upon the testimony of co-conspirators.
In Van Buren v. State, 498 So.2d 1224, 1229 (Miss. 1986), this Court said, "the granting of a cautionary instruction regarding the testimony of an accomplice is discretionary with the trial judge." Hussey v. State, 473 So.2d 478 (Miss. 1985); Davis v. State, 472 So.2d 428 (Miss. 1985); Jones v. State, 381 So.2d 983 (Miss. 1980); cert. denied, 449 U.S. 1003, 101 S.Ct. 543, 66 L.Ed.2d 300 (1980); Fleming v. State, 319 So.2d 223 (Miss. 1975). However, that discretion is not absolute; it may be abused. Hussey, 473 So.2d at 480. Holmes v. State, 481 So.2d 319, 322 (Miss. 1985). Two of the aspects in determining whether or not the discretion has been abused are (1) was the witness in fact an accomplice, and (2) was his testimony without corroboration. Here the three witnesses were in fact accomplices, and although there was some slight corroboration of *755 their testimony, corroboration was in fact minimal.
On a record such as this it would have been an abuse of discretion if the circuit judge had not granted the cautionary instruction. However he did and there is no merit to this assignment of error.
The other assignments of error have been studied and are without merit and unworthy of discussion.
The conviction of Derden of the crime of burglary and his sentence to seven (7) years in the custody of the Mississippi Department of Corrections is therefore affirmed.
CONVICTION OF BURGLARY AND SENTENCE OF SEVEN (7) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.