560 So.2d 171 (1990)
Bobby Joe WHEELER
v.
STATE of Mississippi.
No. 07-KA-59245.
Supreme Court of Mississippi.
April 11, 1990.
Thomas L. Kesler and Joe O. Sams, Jr., Sams Kesler & Hudson, Columbus, for appellant.
Mike C. Moore, Atty. Gen., and Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
En banc.
SULLIVAN, Justice, for the Court:
Bobby Joe Wheeler was convicted of armed robbery and sentenced to serve twenty (20) years in the custody of the Mississippi Department of Corrections. The trial was had in the Circuit Court of Oktibbeha County, Mississippi, Honorable Ernest L. Brown presiding. From the verdict and sentence Wheeler appeals and the issue raised is:

1. Did the trial court improperly refuse Wheeler's requested jury instruction concerning accomplices' testimony?
On April 8, 1982, at approximately 7:00 p.m., Bob Collier, his wife, Betty, and their grandson were at Collier's home in Starkville, Mississippi. Neal Woodard (Woodard) and Franklin Holmes (Holmes) knocked on the door and when they were admitted, forced the Colliers at gunpoint to lie on the floor, where they were bound with tape. Woodard and Holmes proceeded to ransack their home and rob them of $84.00 in cash, two diamond cluster rings, a set of diamond earrings and Mrs. Collier's wedding rings.
The first break in the investigation of this case came in February of 1987, when Oktibbeha County Sheriff Dolph Bryan received a phone call from an Alabama Alcohol and Firearms agent that one, Neal Woodard, had provided information concerning the robbery. Subsequently, Bryan went to Alabama where Woodard gave a statement which led to the arrest of Franklin Holmes. At the Wheeler trial, Woodard testified that Wheeler had asked him to rob Collier and told him that Collier had $80,000.00 concealed in his home.
Woodard recruited Holmes to help him in the robbery. Both Woodard and Holmes admitted committing the robbery. Woodard, who surrendered to the Alabama Bureau of Investigation, agreed to exchange his testimony for complete immunity and was granted absolute immunity both from the State of Alabama and the State of Mississippi. Woodard then admitted to approximately 25 felonies.
In March, 1987, Woodard and an undercover agent went to Wheeler's car lot in an attempt to engage him in conversation regarding the armed robbery.
*172 Holmes testified that five years after the crime, in 1987, he turned himself in to authorities. Holmes has been charged with armed robbery and claims to have made no deals with the State. Holmes admitted to being involved in two felonies, one in Mississippi and one in Alabama. In spite of admitting his complicity in the robbery, Holmes has pled not guilty to the charges.
Robert F. Collier, the victim, testified that he owned an auto auction in Columbus, Mississippi, and knew Wheeler through his auction. His description of the events on the night of the robbery duplicated that of Woodard and Holmes. Mr. Collier stated that he saw their faces before they pulled stocking masks over them. Five or six years later, Collier identified Woodard and Holmes as the culprits from approximately eight or ten photographs. Within a week after identifying the two robbers, he told the sheriff that he remembered seeing them prior to the robbery at an auction with Bobby Joe Wheeler.
Wheeler testified that he had no involvement in the Collier robbery and specifically denied attending an auto auction with Woodard or Holmes. Wheeler said that he had met Woodard through a former employee of his who was currently doing time in Alabama for armed robbery. Wheeler claimed that Woodard had committed the actual robbery and had testified against the former employee in the same manner that he was now doing against Wheeler.
At the conclusion of the trial Wheeler offered the following jury instruction, which was refused by the trial court:
INSTRUCTION D-2
The Court instructs the Jury that the law looks with suspicion and distrust on the testimony of an alleged accomplice, and requires the jury to weigh same with great care and caution and suspicion. You should weigh the testimony from alleged accomplices, and passing on what weight, if any, you should give the testimony, you should weigh it with great care and caution, and look upon it with distrust and suspicion.
The following jury instruction was granted:
INSTRUCTION C-20
Neal Woodard and Franklin Holmes are accomplices in this case, and the testimony of an accomplice is to be considered and weighed with great care and caution. You may give it such weight and credit as to which you deem it to be entitled.
"Caution and suspicion" instructions in regard to accomplice testimony have been a frequent topic of discussion in our jurisprudence. In Catchings v. State, 394 So.2d 869, 870 (Miss. 1981), this Court overruled the defendant's grand larceny conviction where his conviction was based upon an accomplice's testimony alone and said that an accomplice's testimony must be "viewed with great caution and suspicion." See Pegram v. State, 223 Miss. 294, 303, 78 So.2d 153, 156 (1955) (armed robbery conviction reversed and remanded, court should have granted jury instruction which admonished jury to weigh an accomplice's testimony with great care, caution, suspicion, and distrust); Cole v. State, 217 Miss. 779, 785, 65 So.2d 262, 264 (1953) (theft conviction reversed and remanded, testimony of accomplice should be viewed with great caution and suspicion); Nichols v. State, 174 Miss. 271, 277, 164 So. 20, 22 (1935) (jury was instructed that in considering the testimony of an accomplice, you are to weigh it with great care, caution, suspicion, and distrust, burglary conviction upheld where evidence of an accomplice was supported by other evidence); Boutwell v. State, 165 Miss. 16, 26, 143 So. 479, 481-482 (1932) (refusal of defendant's proposed instructions was harmless error because jury was instructed to weigh accomplice's testimony with great care and caution and to look upon it with distrust and suspicion).
In Derden v. State, 522 So.2d 752, 754 (Miss. 1988) we said:
[W]hen it came time to instruct the jury on the law the trial court quite properly granted the following instruction:
* * * * * *

*173 You are to regard this testimony with great suspicion and to consider it with caution.

Had the trial judge not granted this instruction, the colloquy set out above would constitute reversible error and an abuse of discretion by the trial judge and it would be necessary for this Court to reverse the conviction. However, because the trial judge properly granted the "caution and suspicion" instruction the jury was properly instructed as to the law and the conviction can be affirmed. (Emphasis added).
The Derden Court went on to say:
Clear law in the State of Mississippi is that the jury is to regard the testimony of co-conspirators with great caution and suspicion. (Emphasis added). Winters v. State, 449 So.2d 766, 771 (Miss. 1984); Simpson v. State, 366 So.2d 1085, 1086 (Miss. 1979); Thomas v. State, 340 So.2d 1, 2 (Miss. 1976).
As a general rule a trial judge should not hesitate to grant the cautionary instruction when the State is relying upon the testimony of co-conspirators.
In Van Buren v. State, 498 So.2d 1224, 1229 (Miss. 1986), this Court said, "the granting of a cautionary instruction regarding the testimony of an accomplice is discretionary with the trial judge." (Citations omitted). However, that discretion is not absolute; it may be abused.
522 So.2d at 754.
The Derden case stated that two of the aspects in determining whether a trial judge has abused his discretion concerning a "caution and suspicion" instruction are: (1) was the witness an accomplice; and, (2) was his testimony without corroboration. In Green v. State, 456 So.2d 757, 758 (Miss. 1984), this Court said that a judge's discretion is subject to abuse when the State's evidence rests solely upon the testimony of an accomplice and there is some question as to the reasonableness and consistency of the testimony, or the defendant's guilt is not clearly proven.
Obviously, without the testimony of Woodard and Holmes, there is insufficient evidence to sustain a conviction. Because of this and because his guilt was not clearly proven, the judge's discretion was subject to abuse. See Holmes v. State, 481 So.2d 319, 322 (Miss. 1985); Hussey v. State, 473 So.2d 478, 480 (Miss. 1985).
The trial judge was of the opinion that in all accomplice situations, one instruction is sufficient. In refusing proposed jury Instruction D-2, the trial judge stated "I'm going to give C-20 because it's a correct instruction. And I prefer it really over yours. And I've given it in every case in which I have had co-conspirators testify ... I just cleaned up the  the grammar a little bit."
Although the prosecution cites Wilson v. State, 71 Miss. 880, 884-886, 16 So. 304, 305 (1894), that case supports the position taken by Wheeler:
The testimony of an accomplice is from a suspicious source. It is to be viewed with caution and carefully scrutinized, because of its polluted source; ...
The rule is for the presiding judge to inform the jury that the testimony of an accomplice is to be received and considered with caution, as from a polluted and suspicious source, but it must, in large measure, be left to the judges to choose the language in which this caution shall be given. There is no uniform rule. Cases vary with circumstances. In some cases stronger words of caution might be more appropriate than in others. In Green v. State, 55 Miss. 454, the judgment sentencing to death was reversed because of the refusal of the trial court to give an instruction asked by the accused, to the effect that "the testimony of an accomplice in crime should be received with the utmost caution, and the jury may wholly disbelieve such testimony altogether." (Emphasis added).
Because of the source and the nature of the evidence presented in this case, "stronger words of caution" were warranted. In reaching this decision we have considered:
1. There was no physical evidence corroborating the accomplices' testimony *174 which implicated Wheeler as the instigator of the robbery;
2. Because of a lack of evidence, the armed robbery, which was committed by the state's witnesses, went unsolved for over five years;
3. One of the witnesses, an admitted participant in the armed robbery, Neal Woodard, was granted absolute immunity by the State in exchange for his testimony, which implicated Wheeler;
4. Neal Woodard admitted to committing at least 25 felonies;
5. Franklin Holmes, the other admitted participant in the armed robbery, entered a plea of not guilty to the charge, which he confessed to committing in his testimony, and he had not yet gone to trial;
6. The undercover tape recording was vague and ambiguous at best.
Instruction C-20 is not an adequate representation of Mississippi law under these factual circumstances. It is a pattern instruction that at best tells the jury to consider accomplices' testimony with great care and caution. The difference between being told to exercise "great care" and to regard with "suspicion" is a difference of vast degree.
The trial judge, in deleting the requirement to view accomplices' testimony with suspicion, effectively diluted the instruction. Given the lack of evidence and the peculiar circumstances of this case, Wheeler was entitled to a more substantial alert regarding the source of the State's evidence. This case warranted a stronger warning to the jury than that which was given by the trial judge in Instruction C-20. Instruction D-2 was the more forceful warning and was justified by the evidence.
Since the jury was not "fully and fairly instructed by other instructions" as to their duty, the trial court committed reversible error. See Lee v. State, 529 So.2d 181, 183 (Miss. 1988); Groseclose v. State, 440 So.2d 297 (Miss. 1983); Barr v. State, 359 So.2d 334, 338 (Miss. 1978). The conviction of armed robbery and sentence of twenty (20) years is reversed and this case is remanded to the Circuit Court of Oktibbeha County for retrial.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, DAN M. LEE, P.JJ., and PITTMAN and BLASS, JJ., concur.
ROBERTSON, PRATHER and ANDERSON, JJ., dissent.
ROBERTSON, Justice, dissenting.
I share the Court's subsurface doubts that Bobby Joe Wheeler has been justly dealt with. The judicial mind knows that, at best, our legal system achieves a crude approximation of justice, and we do not improve the product by linguistic gymnastics  "the difference between being told to exercise `great care' and to regard with `suspicion' is a difference of vast degree" (majority opinion at page 174). I doubt this difference, particularly where "great care" in the instruction at issue in fact reads "great care and caution."
Of course, the circuit court gave a cautionary instruction on accomplice testimony:
INSTRUCTION C-20
Neal Woodard and Franklin Holmes are accomplices in this case, and the testimony of an accomplice is to be considered and weighed with great care and caution. You may give it such weight and credit as to which you deem it to be entitled.
This Court reverses because that Court did not grant a more wordy instruction.
INSTRUCTION D-2
The Court instructs the Jury that the law looks with suspicion and distrust on the testimony of an alleged accomplice, and requires the jury to weigh same with great care and caution and suspicion. You should weigh the testimony from alleged accomplices, and passing on what weight, if any, you should give the testimony, you should weigh it with great care and caution, and look upon it with distrust and suspicion.
*175 There may be some linguistic difference between an instruction to "view with great care and caution", on the one hand, and to "view with great care and caution and suspicion" on the other, my suspicion is that the phenomenon at work is the lawyer's penchant for never using one word when two or three will do just as well.
The majority opinion is laced with case citations that prove ephemeral upon examination. Holmes v. State, 481 So.2d 319, 322 (Miss. 1985); Hussey v. State, 473 So.2d 478, 480 (Miss. 1985); Catchings v. State, 394 So.2d 869, 870 (Miss. 1981); and Pegram v. State, 223 Miss. 294, 303, 78 So.2d 153, 156 (1955) are all cases where this Court reversed for the circuit court's refusal to grant any cautionary instruction. Derden v. State, 522 So.2d 752, 754 (Miss. 1988); Nichols v. State, 174 Miss. 271, 277, 164 So. 20, 22 (1935); and Boutwell v. State, 165 Miss. 16, 26, 143 So. 479, 481-482 (1932) are all cases where the circuit court granted a cautionary instruction regarding accomplice testimony and this Court affirmed. Green v. State, 456 So.2d 757, 758 (Miss. 1984) affirms despite refusal of an accomplice instruction and articulates a discretionary authority within the circuit court that even I find offensive.
The coup de grace appears on careful examination of the majority's piece de resistance: Wilson v. State, 71 Miss. 880, 16 So. 304 (1894). The language the majority quotes from Wilson may be found there. But in Wilson the trial court instructed the jury that it "should weigh the testimony of an accomplice with great care and caution"  the exact language the Court today condemns  followed by an unequivocal "this was all the defendant was entitled to." Wilson, 71 Miss. at 884, 16 So. at 304. To reiterate the point the Wilson court later said
The Court said to the jury that such testimony `should be weighed with great care and caution' and was to be rejected, if believed untrue. This was enough. The Court was not bound to pile up words suggestive of a desire for the jury to dismiss, as unworthy of consideration, the testimony of an accomplice.
Wilson, 71 Miss. at 885, 16 So. at 304. It seems to my mind quite clear that the Wilson court would have considered Instruction C-20 quite adequate in today's case.
Where is the authority for today's reversal?
Today is not the first when our handling of an accomplice's testimony has troubled me. See Hussey v. State, 473 So.2d 478, 480-82 (Miss. 1985) (Robertson, J., concurring). Ambiguity if not outright contradiction attends the subject. We steadfastly maintain that the circuit court's instructions should not single out and emphasize any particular part of the evidence, e.g., Duckworth v. State, 477 So.2d 935, 938 (Miss. 1985), and then flagrantly offend that premise with the type cautionary instruction at issue here. We say repeatedly that the weight and credibility of a witness' testimony is the sole province of the jury, e.g., Dixon v. State, 519 So.2d 1226, 1228 (Miss. 1988); Pinson v. State, 518 So.2d 1220, 1224 (Miss. 1988), and in the next breath instruct the jury to consider an accomplice testimony with great care and caution (and, if today's case is to be believed, with suspicion as well). Today's decision but compounds our prior felonies.
Of course, what the majority is presenting us today is nothing less than a sub rosa holding that another jury should be permitted to pass upon question of defendant's guilt. I would have preferred that we candidly say this and cite such outmoded cases as Cole v. State, 217 Miss. 779, 65 So.2d 262, 265 (1953). See also Harper v. State, 314 So.2d 323, 324 (Miss. 1975); and Collier v. State, 299 So.2d 203, 205 (Miss. 1974); Shore v. State, 287 So.2d 766, 767 (Miss. 1974). Such a view, of course, would be wholly at odds with a proper perception of the appellate function, cf. Jesco, Inc. v. Whitehead, 451 So.2d 706, 713-17 (Miss. 1984) (Robertson, J., concurring), although we still find it trailing around in an occasional opinion. See e.g., Lambert v. State, 462 So.2d 308, 322 (Miss. 1984) (dissent).
With respect, and with personal misgiving, I find in the proceedings below no *176 legitimate grounds for reversal. I would affirm the judgment of the circuit court.
PRATHER and ANDERSON, JJ., join this dissent.