756 So.2d 793 (1999)
Steve McKEE a/k/a Steven R. McKee, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00710-COA.
Court of Appeals of Mississippi.
June 8, 1999.
Rehearing Denied September 28, 2000.
*794 Bennie L. Jones Jr., West Point, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris Jr., Attorney for Appellee.
BEFORE McMILLIN, C.J., IRVING, AND PAYNE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Steve McKee was convicted of burglary of a business. He cites four issues in appeal to this Court which he claims require reversal of his conviction. The issues include an attack on both the weight and sufficiency of the evidence, an alleged error in failing to grant a continuance due *795 to a missing witness, and finally, a perceived error in the jury instructions. Finding no error, we affirm.

I.

Facts
¶ 2. This version of the events is based on the testimony of three State's witnesses who were charged as accomplices in McKee's crime. On the evening of June 18, 1997, McKee and four roommates were drinking beer and socializing. When the supply of beer was exhausted, one of the group mentioned his knowledge of a local bait shop which was known to carry alcoholic beverages, but have no security system. All five drove to the bait shop, but only James Bradford did the actual breaking and entering into the building. While Bradford was kicking in the shop door and stealing cases of beer and cartons of cigarettes, the others were riding around keeping a lookout for the police. Bradford and one of the remaining four friends loaded the stolen items into the car then returned home.
¶ 3. At trial, although it was established that Bradford was the main culprit, three of the five roommates testified that the bait shop burglary was McKee's idea and that they were just following McKee's directions. McKee claimed, however, that because he was an alcoholic and passed out in the back seat of the car, he was unaware of the burglary. The jury was apparently not convinced by McKee's claim and convicted him of burglary as an aider and abettor.

II.

The First Issue: Weight of the Evidence
¶ 4. McKee claims as his first issue that the jury verdict was against the weight of the evidence. This Court will reverse a conviction only when it is convinced that the circuit court has abused its discretion in denying a new trial motion and the verdict is so contrary to the over-whelming weight of the evidence that to allow it to stand would be unconscionable. Eakes v. State, 665 So.2d 852, 872 (Miss. 1995). The reviewing court must consider all of the evidence in the light most favorable to sustaining the verdict. Id.
¶ 5. The State presented three eyewitnesses who testified to McKee's involvement in the crime. They all stated that McKee was the mastermind behind the burglary. These witnesses were all accomplices to the crime; however, the jury was instructed as to its duty to view accomplice testimony with some caution and there is no indication that the jury did not heed that instruction. Once the jury is instructed as to how to view accomplice testimony, it is not this Court's job to determine the proper measure of credibility to assign to such witnesses. Rather, that responsibility lies with a properly instructed jury sitting as finders of fact. Assuming, as we must, that the jury found these accomplices' testimony to be credible, we are satisfied that McKee's own claims of unconsciousness were not so believable as to necessarily outweigh the State's contrary evidence. Therefore, we find McKee's challenge to the weight of the evidence to be without merit.

III.

The Second Issue: The Sufficiency of the Evidence
¶ 6. McKee contends that the trial court was in error for refusing to grant his motion for a judgment of acquittal notwithstanding the verdict. To grant a JNOV the trial court must be convinced that the State has not presented competent evidence to establish each essential element of the offense beyond a reasonable doubt. Franklin v. State, 676 So.2d 287, 288 (Miss.1996).
¶ 7. In this instance McKee was convicted of burglary of a business. The two essential elements of burglary are (a) breaking and entering an establishment fitting the statutory definition of a business, *796 and (b) proof that the breaking and entering was done with the formed intent to commit a crime once entry was obtained. Miss Code Ann. § 97-17-33 (Supp.1998). McKee argues that the State did not present any physical evidence that would prove that he burglarized Duke's Bait Shop, and that the "substantially impeached, self-contradictory and unreliable testimony of the three alleged accomplices" was insufficient evidence of guilt as a matter of law. He argues that the State failed to present any evidence or testimony to corroborate the testimony of the three alleged accomplices that would prove McKee helped plan and encourage to commit the burglary.
¶ 8. The State concedes that the evidence did not show that McKee did the actual breaking and entering into the bait shop. However, the three witnesses for the State testified that it was McKee's idea to break into the bait shop and steal the beer. Under prevailing criminal law, a person who acts in concert with others to violate a law is liable as a principal under the theory of aiding and abetting, whether the person actually committed each essential element of the crime. Sayles v. State, 552 So.2d 1383, 1389 (Miss.1989)(overruled on other grounds as being superceded by M.R.E. 616 by Lacy v. State, 629 So.2d 591, 593 (Miss.1993)).
¶ 9. This Court may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Franklin, 676 So.2d at 288. We conclude that the evidence presented by the State of McKee's complicity in the events was sufficient to meet its burden to prove the crime of business burglary. There was substantial credible evidence presented that the crime of burglary was committed. Once that is done, even the uncorroborated testimony of an accomplice implicating the defendant in the crime is sufficient to convict. Holly v. State, 671 So.2d 32, 40 (Miss.1996).

IV.

The Third Issue: Refusal to grant a continuance to allow a Defense Witness to Testify
¶ 10. McKee contends that his defense was prejudiced because he was unable to obtain a continuance to procure the testimony of his brother, who was one of the other participants in the events. McKee represents to this Court that his brother would have corroborated his version of events to show that he did not plan the burglary or participate in the crime.
¶ 11. A trial court may not be placed in error on a matter which was not presented in a timely manner to it for decision. Chase v. State, 645 So.2d 829, 846 (Miss.1994). McKee's only request for a continuance was based on his desire to obtain new counsel. The matter of his brother's testimony was not raised until after trial in McKee's new trial motion. That was too late. We find this claim to be procedurally barred because it was not properly raised at the trial level.

V.

Issue 4: Whether Jury Instruction D-5(a) should have been given as drafted.
¶ 12. McKee asked for an instruction regarding the need to view accomplice testimony with caution as requested Instruction D-5. The instruction read as follows:
The Court instructs the jury that the testimony of an accomplice or accomplices should be viewed with caution and suspicion.
¶ 13. The trial court declined to grant the instruction as submitted because defense counsel had inserted the citation to two cases on the written instruction as authority for giving the instruction. The practice of citing cases on written instructions going to the jury is not permitted as *797 increasing the possibility that the jury will give improper weight to a particular instruction. Chadwick v. Bush, 174 Miss. 75, 81, 163 So. 823, 824 (1935). Defense counsel asked for permission to re-submit the instruction without the citations to authority. In granting that permission, the trial court further said that he felt the instruction was not a full statement of the law. The court indicated that the instruction should inform the jury that the testimony should be viewed "[w]ith care and caution and should be given such weight and faith and credit as the jury believes it is entitled." Defense counsel was then offered time to redraft the instruction and submitted what became Instruction D-5A, which read as follows:
The Court instructs the jury that the testimony of an accomplice or accomplices should be viewed with care and caution and should be given such weight, faith and credit that the jury deems it is entitled.
¶ 14. One principal difference between the two instructions that might have some significance is that one mentions the word "suspicion" and the other does not. However, we do not find any indication in the record that the defendant offered an objection to the trial court's direction in the change of language. Insofar as the record reveals, the only discussion regarding the instruction was the earlier version's inclusion of case citations of authority. On appeal, McKee argues that his earlier instruction was a more proper statement of the law on how the jury must regard accomplice testimony. We conclude that this is an issue attempted to be raised for the first time on appeal. Therefore, we decline to engage in a comparison of the two instructions to determine whether it was reversible error to omit the word "suspicion" from the instruction. See Warren v. State, 369 So.2d 483, 485 (Miss.1979).
¶ 15. For future reference, however, we do note that the Mississippi Supreme Court seems to attach some measure of importance to the word "suspicion" in drafting an instruction regarding consideration of accomplice testimony. In Wheeler v. State, the court said there was "a difference of vast degree" between the concept of "great care" and "suspicion" in weighing accomplice testimony and reversed a conviction because the trial court denied an instruction using the word "suspicion" and granted one using the phrase "great care and caution." Wheeler v. State, 560 So.2d 171, 173 (Miss.1990). The supreme court said that the jury should have been given "a more substantial alert regarding the source of the State's evidence." Id. at 174. Nevertheless, based upon our review of the decision in Wheeler, including the dissent, we do not conclude that the error in this case was so fundamental as to cause us to waive the procedural bar and consider it on the basis of plain error. We, therefore, conclude that any claim of reversible error on the basis of this instruction is not properly before the Court and we decline any relief based on this issue.
¶ 16. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A BUSINESS AND SENTENCE OF SEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $1,000 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.