CARLSON, Justice,
Specially Concurring:
¶ 16. While I concur in today’s majority opinion, the procedural history of this case compels me to write separately to express my concern for how this case was handled in both circuit court and youth court.
¶ 17. From the majority opinion, we know only that sixteen-year-old J.L.M. committed sexual acts upon his eight-year-old cousin, B.S., eventually resulting in a two-count indictment being handed down against J.L.M. by the Pearl River County Grand Jury on December 7, 2006. Count One of the indictment alleged, inter alia, that “on or about the 31st day of July, 2005, [J.L.M.], being then and there a male person sixteen (16) years of age at the time and whose date of birth is June 13, 1989, did ... commit a sexual battery upon a male child B.S., who was Eight (8) years of age at the time and whose date of birth is August 30, 1996 and who is twenty-four (24) or more months younger than the defendant, by the defendant putting his mouth on the penis of B.S.... ” Count Two of the indictment alleged, inter alia, that on the same date J.L.M. again committed a sexual battery upon B.S. “by ... inserting a black-rope-like item in the anus of B.S.”
¶ 18. The Pearl River County Sheriffs Department’s incident report was more graphic. B.S.’s father stated that when he walked up to the car in which J.L.M. and B.S. were seated, J.L.M. was masturbating and B.S. was buttoning up his (B.S.’s) shorts. This report also reveals that upon the arrival of B.S.’s mother, she questioned B.S. in the presence of a law enforcement official, and in response to his mother’s questions, B.S. stated that J.L.M. asked B.S. to pull down his pants, whereupon J.L.M. “licked [B.S.’s] private parts and touched him.” Likewise, J.L.M. “put a rope in [B.S.’s] rectum.” A later incident report dated August 12, 2005, revealed that on August 10, 2005, B.S. told the investigating officer that once his pants were down, J.L.M. “proceeded to suck on [his] penis.”
¶ 19. Both counts of the indictment charged J.L.M. with committing the crimes of sexual battery in violation of Mississippi Code Annotated Section 97-3-95(l)(d) (Rev.2006), which states in pertinent part that “[a] person is guilty of sexual battery if he or she engages in sexual penetration with .... [a] child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.” Defense counsel conceded that “the charging stat *744 ute, Mississippi Code Annotated § 97-3-95(l)(d), is a criminal statute under which Circuit Court has original jurisdiction.” See also Miss.Code Ann. § 43-21-151(1) (Rev.2004).
¶ 20. As discussed by the majority, the circuit court entered an order transferring J.L.M.’s case to youth court on June 11, 2007, and the next day, the youth court adjudicated J.L.M. to be a delinquent child.[1]
¶ 21. While I find no fault in the majority’s decision to dispose of this case by discussing only the double-jeopardy issue, thus remaining silent on the State’s assertion that the State had a right to appeal pursuant to Mississippi Code Annotated Section 99-35-103 (Rev.2007), I would, on the other hand, address this issue to offer guidance to the trial bench and bar. In my opinion, in today’s case, the State unquestionably had the right to appeal the circuit court’s order transferring J.L.M.’s case to youth court after an indictment had been handed down. See Miss.Code Ann. § 99-35-103(a) (Rev.2007) (state may appeal from order quashing indictment). This issue has been laid to rest by this Court’s decision in State v. U.G., 726 So.2d 151 (Miss.1998), wherein we found that the district attorney’s appeal under section 99-35-103(a) from the circuit court’s order transferring the defendant to youth court was properly before the Court. En route to this finding, we stated, inter alia:
The decision by the circuit court in the case sub judice failed to take the findings of the Hinds County Grand Jury into consideration. Therefore, this Court finds that the decision by the lower court to transfer U.G. to youth court constituted quashing the indictment returned by the grand jury.
Id,, at 154.
¶ 22. Moving now to the issue found to be dispositive by the majority, I agree with the majority that, from the record before us, J.L.M.’s double-jeopardy claim has merit,[2] based on this Court’s decision in Walls v. State, 326 So.2d 322, 325 (Miss.1976) (citing Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975)). However, my concern is over the handling of this matter in the circuit court and the youth court. We have before us the transcript of the circuit court hearing on J.L.M.’s motion to transfer the case to youth court, and we likewise have before us in the record, inter alia, the circuit court’s one-page Order Referring Case to Youth Court which was entered on June 11, 2007. However, what we do not have is the youth court adjudicatory order which was entered the very next day on June 12, 2007.[3] Thus, we have no idea if the youth court judge dutifully complied with Mississippi Code Annotated Sections 43-21-557 through 561 (Rev.2004) concerning adjudicatory hearings, and Mississippi Code Annotated Sections 43-21-601 through -615 (Rev.2004) concerning disposition hearings. Assuming arguendo that the State’s assertions in its brief are accurate, we only “know what we have been told” that after the circuit-court transfer to youth court, J.L.M. “was adjudicated a *745 delinquent child in the Youth Court of Pearl River County based on his plea of no contest to two counts of sexual battery as defined in Miss.Code Ann. § 97-3-95(l)(d),” and that “[h]is Order of Disposition, filed on June 12, 2007, required that [J.M.] pay a five hundred dollar ($500.00) fine into Youth Court and that he be evaluated by a psychiatrist to determine if he is, in fact, a sexual predator.”
¶ 23. However, we are not left to our sometimes sinister imaginations to wonder only why this case was put on the fast track with a circuit-court transfer order to youth court entered on one day, and a youth-court adjudicatory/dispositional order entered on the very next day — the record tells us! Remember the indictment, supra? The indictment set out that J.L.M.’s date of birth is June 13, 1989 — the circuit court hearing on the motion to transfer to youth court was held on June 8, 2007 — only five days before J.L.M.’s eighteenth birthday! Mississippi Code Annotated Section 43-21-105(d) (Rev.2004) (Youth Court Act) defines “child” and “youth” as “a person who has not reached his eighteenth birthday.” Something had to be done quickly because J.L.M. was going to turn eighteen in five days! By the time the circuit court order was entered, J.L.M. was only two days away from his eighteenth birthday! By the time the youth court adjudicatory/dispositional order was entered, J.L.M. was just one day away from his eighteenth birthday!
¶ 24. The assistant district attorney was aware of this important fact because at the commencement of the June 8, 2007, circuit-court hearing on J.L.M.’s motion to transfer to youth court, she stated, “at this time we feel youth court would not be appropriate mainly because [J.L.M.] ... will reach the age of 18 in five days.” The circuit judge obviously was aware of the impending eighteenth birthday of J.L.M. when he stated at the conclusion of the transfer hearing, after finding that J.L.M.’s case should be remanded to youth court, that “I am going to order an expedited hearing.”
¶ 25. The last time I checked, not only the defendant in a criminal proceeding, but also the State of Mississippi, in a criminal proceeding, is entitled to fairness. The State of Mississippi, in criminal prosecutions, represents the law-abiding citizens in society who have a right to expect that under our system of justice, those who are indicted by our citizens serving on grand juries will receive fair trials; that the guilty will be convicted and punished; and that those who are found not guilty will be forthwith set free. Our forefathers more than two hundred twenty years ago devised a system of justice which is by no means perfect (since it was devised and implemented by mere mortals), but it is without doubt the least imperfect system of justice which has ever been devised by any government on the face of this earth. It will, however, sometimes fail. I fear our system of justice failed in today’s case.
¶ 26. A learned justice who previously served on this Court would on occasion refer to our system of justice as a “crude approximation of justice.” Wheeler v. State, 560 So.2d 171, 174 (Miss.1990) (Robertson, J., dissenting) (criminal ease-“[t]he judicial mind knows that, at best, our legal system achieves a crude approximation of justice.... ”); Cumberland v. Cumberland, 564 So.2d 839, 841 (Miss.1990) (Robertson, J., for the Court) (child support dispute — “system ... protects the legal interests of these two boys, though we know it is but a crude and partial approximation of justice”); Butler v. Pembroke, 568 So.2d 296, 299 (Miss.1990) (Robertson, J., for the Court) (civil dispute between corporation and employee-“We accept with regret that we may not order done that which may not be done” but “[t]he law at its best may yield but a crude approxima *746 tion of justice”); Robinson v. State, 585 So.2d 757, 760 (Miss.1991) (Robertson, J., concurring) (criminal case-“Law at its best yields but a crude approximation of justice”); King v. Miss. State Highway Comm’n, 609 So.2d 1251, 1255 (Miss.1992) (Robertson, J., for the Court) (landowners’ inverse condemnation suit found to be precluded by prior eminent-domain action— “[I]t is to be lamented, yet accepted, as but another reminder that the legal process at its best seldom yields but a crude approximation of justice”).
¶27. Unfortunately, it is my opinion that we can now add today’s case to the five cases cited above. J.L.M.’s counsel stated in the appellee’s brief that “J.M. is a good boy who got caught up in the criminal justice system over one incident with sexual overtones which took place with his cousin at a family event when he was barely 16 years old.” With the utmost respect for J.L.M.’s counsel, I disagree that this case involved little more than “sexual overtones.” Out of necessity, I have already described in somewhat graphic detail the sexual offenses with which J.L.M. was charged by a grand jury indictment upon a child eight years his junior.[4] This was more than “sexual overtones.” This was more than young boys and/or girls becoming curious about their bodies. This was sexual activity in its rawest form.[5]
If 28. Although the State of Mississippi timely appealed from the circuit-court order within the time provided by Mississippi Rules of Appellate Procedure 3 & 4, the appeal was meaningless, since the day after the circuit court transfer order was entered, there was a rush to judgment in the Youth Court of Pearl River County.
¶ 29. With this having been said, I join in the majority opinion which finds further circuit court prosecution of J.L.M. for these sexual battery offenses to be barred based on the Fifth Amendment’s double-jeopardy clause. Perhaps there may be some consolation for this injustice if, but only if, J.L.M. took advantage of this tremendous gift handed to him in Pearl River County back on June 11 and June 12, 2007, by (now at age 19) righting his ship and becoming a productive citizen of society.
SMITH, C.J., WALLER, P.J., DICKINSON, RANDOLPH AND LAMAR, JJ., JOIN THIS OPINION.

. I will discuss in more detail, infra, the procedural history as it relates to the entry of the circuit court transfer order and the entry of the youth court adjudicatory order the very next day.

. However, contrary to the majority's finding, I would find that the State’s further criminal prosecution of J.L.M. on these sexual battery charges is barred on the basis of double jeopardy, and not that the State's “appeal of the transfer from circuit court is barred" on the basis of double jeopardy.

.No one can complain in today’s case that the wheels of justice (if this was indeed "justice") grind slowly.

. At the circuit court hearing on J.L.M.'s motion to transfer to youth court, J.L.M.'s counsel argued that this eight-year age difference between J.L.M. and B.S. was misleading, because at the time of the incident, J.L.M. was "one month past his sixteenth birthday” and B.S. "was one month short of his ninth birthday,” thus making the age difference between the two minors considerably less than the perceived eight years. However, this is of no moment, since J.L.M. was charged under the statute for a sexual battery committed upon a child under the age of 14, with J.L.M. having been "twenty-four (24) or more months older than” B.S. Miss.Code Ann. § 97-3-95(l)(d) (Rev.2006).

. I wish to make it absolutely clear that this is not a case where the families of B.S. and J.L.M. were in agreement on how this case should be resolved, and that the prosecution was pursuing this case on its own. B.S.'s mother testified at the circuit court transfer hearing that J.L.M.'s actions have had a negative effect on B.S., and that at the time of the circuit court hearing, B.S. was still in counseling for treatment for low-self esteem and embarrassment due to this sexual encounter with J.L.M. Also, even though no evidence was presented on this point, the State, in its circuit-court motion opposing the transfer to youth court, alleged that B.S.’s family opposed resolution by way of rehabilitation in lieu of punitive treatment and that B.S.'s family felt that J.L.M. should be required to register as a sex offender.