BEAM, Justice,
concurring in part and in result:
¶ 73. Respectfully, I concur in part and in result in the majority’s opinion. I write separately to explain my reasoning.
¶ 74. At the outset, a cautionary accomplice instruction was not required in this instance. As the majority points out, much of alleged accomplice, Mareno Hubbard’s testimony was materially corroborated by other evidence at trial. The record shows that two witnesses testified for the State that they saw both Jones and Hubbard enter the night club’s parking lot together from the fence line located outside the club. Jones and Hubbard walked directly by where both witnesses were standing and both witnesses recognized Jones and Hubbard from their faces. Moments later, both witnesses heard gunshots. Immediately afterwards, both witnesses saw Jones and Hubbard exit the parking lot together at the fence line where the two had previously entered. According to one of the witnesses, Jones had a gun in his hand.
¶ 75. This evidence substantiated most of what Hubbard testified had transpired before and after the shooting. What was not corroborated was the portion of Hubbard’s testimony claiming that Jones was the shooter-neither of the State’s witnesses saw the shooting.
¶ 76. This, however, is of no moment in this instance because under the facts of *621 this case, and under Mississippi’s aiding and abetting law, both Hubbard and Jones could be held equally culpable for murder, regardless who actually shot the victim.
¶ 77. In jurisdictions, such as Mississippi, that allow a conviction to rest solely on the uncorroborated testimony of an accomplice, accomplice testimony is considered inherently less reliable than that of other witnesses. The United States Court of Appeals, District of Columbia Circuit, briefly explained why in United States v. Lee, 506 F.2d 111, 120 (D.C.Cir.1974):
As to the basis of the doctrine, there is language in some suggesting that its root lies in the witness’s own impairment by his self-incrimination. This kind of rationale harks back to old doctrines that made felons and the accused, incompetent as witnesses, but has little force today. In terms of current realities, the thought should be turned the other way around, for ... an accomplice’s own confession of the soul carries a ring of the truth and it is, indeed, this circumstance that impels the court to caution the jury of the dangers of accomplice testimony. The need for careful scrutiny of an uncorroborated accomplice reflects the danger, underscored by experience, that he may be giving a false account to secure lenient treatment.
The prospect of immunity or leniency is usually denied, and may not exist; but its existence is always suspected. And so even though there is no testimony in the particular record that the accomplice is testifying out of a prospect of leniency or immunity, the probability that accomplices as a class are likely to do so warrants the cautionary instruction as a reflection of general judicial experience — when the accomplice is uncorroborated.
(Inner quotations and citations omitted).
¶78. Like Mississippi, Lee holds that, where there is sufficient material corroboration of an accomplice’s testimony, the matter should be put to the jury with the general instruction on credibility of witnesses. Id. at 120; see also Head v. State, 44 Miss. 731, 754 (1871), overruled on other grounds by Smith v. State, 58 Miss. 867 (1881), (instructing that a cautionary accomplice instruction is inapplicable where the accomplice’s testimony is supported in material parts by testimony from another disinterested witness). “Otherwise, a cautionary instruction against the accomplice tilts against believing the accomplice even when he has been largely corroborated.” Lee, 506 F.2d at 120. On the other hand, whenever there is doubt as to the sufficiency of the corroboration, judicial prudence points toward giving a cautionary instruction. Id. Such matters, however, are for the judge’s informed discretion, as “[tjhe extent of corroborative evidence required to alleviate the need for a cautionary instruction cannot be measured with mathematical precision.” Id.; see also Green v. State, 456 So.2d 757, 758 (Miss.1984) (“the trial court has broad discretion in deciding whether to grant a cautionary instruction regarding the testimony of an accomplice”):
¶ 79. Here, for reasons mentioned above, the trial court would not have been in error had it not granted a cautionary accomplice instruction. But the trial court in its discretion did grant an instruction. And having done so, I agree with Justice Maxwell that we cannot hold the trial court in error for giving an instruction that, for the most part, tracked the language of a cautionary instruction approved by a majority of this Court in Williams v. State, 32 So.3d 486, 494-95 (Carlson, P.J., specially concurring).
¶ 80. I cannot join Justice Maxwell’s separate opinion fully, however, as I have no problem with the majority’s suggested *622 instruction. But I would not mandate a fixed form. “If the jury is duly cautioned as to the testimony of an accomplice, the law is satisfied.” Wilson v. State, 71 Miss. 880, 16 So. 304, 305 (1894).
LAMAR AND COLEMAN, JJ., JOIN THIS OPINION. RANDOLPH, P.J., AND MAXWELL, J., JOIN THIS OPINION IN PART. .