# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-KA-02105-SCT

*CHRISTOPHER SMITH a/k/a CHRIS*
*SMITH/CHRISTOPHER ANDERSON*

*v.*

*STATE OF MISSISSIPPI*


| | |
|---|---|
| DATE OF JUDGMENT: | 06/10/2003 |
| TRIAL JUDGE: | HON. BOBBY BURT DELAUGHTER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAN W. DUGGAN, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. DANIEL HINCHCLIFF |
| DISTRICT ATTORNEY: | ELEANOR JOHNSON PETERSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/26/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE SMITH, C.J., CARLSON AND DICKINSON, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     Following a two day trial, a jury found Christopher Smith guilty of armed carjacking. The trial judge sentenced him as a habitual offender to serve thirty (30) years, without possibility of parole, in the custody of the Mississippi Department of Corrections along with a fine in the amount of $10,000. Smith appeals. We affirm.

## BACKGROUND

¶2.     On the afternoon of September 2, 2001, Glenda Craft was in her car at the intersection of Allen and Beatty Streets in Jackson. Two men in another vehicle pulled alongside Craft,

blocking her in. The passenger got out, pulled a gun, and ordered Craft out of her vehicle. After Craft exited her vehicle, the passenger got in, and both men sped away in the two vehicles, leaving Craft on the roadside.

¶3.     Later that afternoon Craft gave police a description of the passenger but not of the driver, except that the driver was a black adult male. She also told the police her car was a blue Chevrolet Caprice but did she not recall the license plate or vehicle identification number ("VIN").

¶4.     On October 29, Jackson Police Officer Veronica Mance pulled Christopher Smith over. He was driving a blue Chevy Caprice, and Officer Mance noticed that the VIN was not original to the car. Upon subsequent investigation, Officer Mance discovered that the VIN plate on the driver's door was missing. Smith was unable to produce any proof of ownership or a valid driver's license, but he did produce a bill of sale for a different Chevy Caprice.

¶5.     Officer Terry Dismuke later discovered inconsistent VIN numbers on the Caprice, and the Jackson Police Department determined that the vehicle was indeed stolen.

¶6.     Officer Ned Garner with the Jackson Police Department's Auto Theft Unit went to Craft's house with a photograph line-up. From a group of photographs on a card, Craft positively identified a photograph of Smith as the driver of the vehicle, and on November 13, 2001, Craft was able to identify the passenger of the vehicle in a second photograph line-up.

¶7.     After Smith was arrested on November 8, he waived his *Miranda* rights and told the police that he dropped "Main" (later identified as Elvin Simmons) off at a gas station on Gallatin Street on September 2, 2001, and that he had purchased the Caprice (Craft's vehicle) from Simmons for $700.

2

¶8.     At trial, Simmons testified that he and a friend were at Smith's house on the day in question and that Smith offered at least $50 to each man who would help him steal a car to use to "fix up" his gray Chevrolet Caprice.  The third friend, finding $50 to be insufficient compensation, refused to participate.  Simmons testified that when he and Smith went to look for a car, they saw a woman getting into a blue Chevrolet Caprice and Smith said, "this a lick right here.  This is the car I need."  Simmons explained that "this is a lick" meant that "this was the perfect opportunity to get a car."  Simmons further testified that Smith handed him a loaded gun while following the woman and that Smith got out of the vehicle with him to approach the woman.  Simmons testified that after the carjacking took place, he drove the stolen vehicle back to Smith's house and Smith followed in his own vehicle.  Once safely back at the house, Smith switched the VIN numbers on the vehicles.

¶9.     Smith, the sole defense witness, testified that he had purchased the blue Caprice from Simmons for $700 because his gray Caprice needed a starter.  He said he never ran into Simmons nor was he ever with Simmons on the day in question.  Further, he said he never discussed committing a robbery or carjacking with Simmons, had never seen Simmons carjack anyone, and had never driven Simmons to help with a carjacking.  He testified that he dropped Simmons off with the understanding that Simmons would steal a car.  He testified that he had seen Craft in the store but never had he seen her when he was with Simmons.

¶10.    On cross-examination, Smith testified that his statement to Officer Garner, "All I know is that shortly after Main [Simmons] got out of the vehicle with me, he was following me in the vehicle," concerned a different night, and he was unsure what vehicle Simmons followed him in.  He testified that he drove Simmons into North Jackson to steal the car referred to in the

3

statement. Later during the cross-examination, Smith admitted that the car he purchased for $700 "was stolen, but I didn't know nothing about no robbing and carjacking."

¶11. At the conclusion of testimony, the trial judge held a conference with counsel to discuss jury instructions. When the trial judge stated which instructions would be given, neither party offered any objection.

¶12. The jury found Smith not guilty, of armed robbery but found him guilty of armed carjacking. Smith's contentions on appeals are:

 I.     The trial court committed reversible error in refusing jury instruction D-8.

 II.    The trial court committed reversible error in refusing jury instruction D-1.

 III.   The court committed reversible error in not directing the verdict; or in the alternative a judgment notwithstanding the verdict.

¶13. When an appellant assigns as error the trial judge's refusal to grant a requested instruction, this Court does not consider the requested instruction in isolation, but rather considers all jury instructions as a whole. ***Parks v. State,*** 884 So.2d 738, 746 (Miss. 2004). A trial judge may refus to give a requested instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence. ***Id.***

 **I.     Did the trial court commit reversible error by not granting jury instruction D-8?**[1]

¶14. Jury instruction D-8, which the trial court refused to give, reads as follows:

> The Court instructs the Jury that if you believe from the evidence in this case beyond a reasonable doubt that between September 2 and October 29, 2001

---

[1]The record reveals two jury instructions labeled as D-8. Since Smith's brief refers only to one of the D-8 instructions, it is the only instruction evaluated. The other D-8 instruction was a peremptory instruction directing the jury to return a verdict of not guilty.

that Christopher Smith did aid or abet another person to willfully and without authority take possession of or take away a motor vehicle belonging to Glenda Craft, then and in that event you should find Christopher Smith guilty of Taking Possession of or Taking Away a Motor Vehicle.

¶15.    This requested instruction was an attempt by Smith to have the trial court instruct the jury on an alleged lesser-included offense of aiding and abetting in motor vehicle theft.   A jury instruction on a lesser-included offense is to be given only when a defendant "point[s] to evidence in the record from which a jury could reasonably find him not guilty of the crime with which he was charged and at the same time find him guilty of the lesser included offense." *Ladnier v. State,* 878 So.2d 926, 932 (Miss. 2004) (citing *Toliver v. State*, 600 So.2d 186, 192 (Miss. 1992)).

¶16.    We have held that the "essential elements of a lesser-included offense are among the elements of the superior offense." *State v. Shaw,* 880 So.2d 296, 301 (Miss. 2004) (citations omitted).   Stated differently, if an accused is guilty of the offense for which he was indicted, the accused is also guilty of any crime considered to be a lesser-included offense. *Harper v. State*, 478 So.2d 1017, 1021 (Miss. 1985).

¶17.    Thus, there also may be a separate, distinct and less serious crime which the proof at trial shows the defendant committed, but this does not necessarily mean it is a lesser-included offense.   Smith was indicted for armed carjacking.  Mississippi's carjacking statute states in pertinent part:

> (1) Whoever shall knowingly or recklessly by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, or attempting to do so, or by any other means shall take a motor vehicle from another person's immediate actual possession shall be guilty of carjacking.

. . . .

5

(2) Whoever commits the offense of carjacking while armed with or having readily available any pistol or other firearm or imitation thereof or other dangerous or deadly weapon, including a sawed-off shotgun, shotgun, machine gun, rifle, dirk, bowie knife, butcher knife, switchblade, razor, blackjack, billy, or metallic or other false knuckles, or any object capable of inflicting death or serious bodily harm, shall be guilty of armed carjacking.

. . . .

Miss. Code Ann. § 97-3-117 (Rev. 2000). Thus, the statutory elements for carjacking are (1) a taking of a motor vehicle (2) from someone's immediate actual possession (3) by force, stealth or violence. Force or violence includes putting the victim in fear of the same. Use of a firearm or other deadly or dangerous weapon elevates the crime to armed carjacking.

¶18. The relevant version of the motor vehicle theft statute reads in pertinent part:

Any person who shall, willfully and without authority, take possession of or take away a motor vehicle belonging to another, and *any person who knowingly shall aid and abet in such taking possession or taking away*, shall be guilty of a felony and shall be punished by commitment to the Department of Corrections for not more than five (5) years.

Miss. Code Ann. § 97-17-42(1) (Rev. 2000)(emphasis added).

¶19. Aiding and abetting in motor vehicle theft is a lesser-included offense of armed carjacking only if all of the elements necessary to convict of aiding and abetting in motor vehicle theft are included among the elements of armed carjacking. *Ladnier v. State,* 878 So.2d at 932. However, the carjacking statute does not require the element of aiding and abetting. Thus, aiding and abetting in automobile theft is not a lesser-included offense of armed carjacking.

¶20. Smith claimed he purchased a stolen vehicle from Simmons but did not participate in the actual taking of the vehicle. Thus, according to Smith's version, he had no participation

6

until after the vehicle was stolen. The State claimed that Smith participated in the carjacking by using a gun to force Craft to exit her vehicle so he could take it. If the jury believed that Smith was not the person who actually used the gun to take the car, then Smith would have been convicted of nothing. Thus, even if aiding and abetting in motor vehicle theft was a lesser-included offense of carjacking, Smith suffered no prejudice by the trial court's refusal to give the instruction.

¶21. The trial judge did not err in refusing to give jury instruction D-8.

## II. Did the trial court commit reversible error by refusing jury instruction D-1?[2]

¶22. Rejected jury instruction D-1 reads as follows:

> The testimony of an accomplice, and the testimony of one who provides evidence against a defendant as an informer for pay or for immunity from punishment or for personal advantage or vindication, must *always be examined and weighed by the jury with greater care and caution* than the testimony of ordinary witnesses. You, the jury, must decide whether the witnesses's testimony has been affected by any of those circumstances, or by the witnesses's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that *such testimony is always to be received with caution and weighed with great care*.

> You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

(emphasis added).

¶23. The accomplice instruction given by the trial judge reads:

---

[2]The record reveals two jury instructions labeled D-1. Since Smith's brief refers to only one of the D-1 instructions, we will evaluate that instruction only. The other D-1 instruction is a peremptory charge to the jury to find Smith not guilty of armed robbery.

> The Court instructs the jury that if you find the testimony of Elvin Simmons, an alleged accomplice of the defendant in this case, to be uncorroborated by other evidence, then and in that event, you should *view such testimony with great caution and suspicion* and that it must be reasonable and not improbable or self-contradictory or substantially impeached.

(emphasis added).

¶24. Smith cites *Williams v. State*, 729 So.2d 1181 (Miss. 1998), as authority that the cautionary instruction given by the trial court was insufficient. However, in *Williams*, this Court found it was error to fail to give a cautionary instruction. *Williams* is not authority for the proposition argued by Smith.

¶25. Next, Smith turns to *Wheeler v. State*, 560 So.2d 171 (Miss. 1991), in which the questioned instruction was: "Neal Woodard and Franklin Holmes are accomplices in this case, and the testimony of an accomplice is to be considered and weighed with *great care and caution*. You may give it such weight and credit as to which you deem it to be entitled." *Id.* at 172. The *Wheeler* court held: "[b]ecause of the source and the nature of the evidence presented in this case, 'stronger words of caution' were warranted." *Id.* at 173. Further, "[t]he trial judge, in deleting the requirement to view accomplices' testimony with suspicion, effectively diluted the instruction." *Id.* at 174.

¶26. In the case sub judice, however, the trial judge instructed the jury to view an accomplice's testimony with "great caution and suspicion." Thus, the missing element from the *Wheeler* instruction was given.

¶27. This Court recently found the following cautionary instruction to be sufficient: "The Court instructs you that the testimony of an admitted accomplice should be *viewed by you*

8

*with great care, caution and suspicion* and you should give it such weight and credit as you deem it is entitled." ***Rosenthall v. State,*** 844 So.2d 1156, 1160 (Miss. 2003) (emphasis added). In ***Rosenthall***, the phrase "great care, caution and suspicion" was sufficient, while "great care and caution" was insufficient in ***Wheeler***. That is to say, "caution" does not rise to the same level as "suspicion." Following the rationale of ***Wheeler***, use of either "caution" or "care" is acceptable, so long as the term "suspicion" is included. We find no error here.

¶28.  Additionally, proposed jury instruction D-1 states that an accomplice's testimony must "*always* be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses." This is an incorrect statement of the law. We take this opportunity to clarify that when an accomplice instruction is required, the trial court (as was done in this case) must inform the jury that an accomplice's testimony *which is uncorroborated by other evidence* must be viewed with great caution and suspicion. ***Black v. State***, 336 So. 2d 1302, 1303 (Miss. 1976) (citing ***Hutchins v. State***, 220 So. 2d 276 (Miss. 1969); ***Cole v. State***, 217 Miss. 779, 65 So. 2d 262 (1953)). *See also* ***Brown v. State***, 890 So. 2d 901, 910-911(Miss. 2004); ***Ellis v. State***, 790 So.2d 813, 816 (Miss. 2001) (Uncorroborated testimony of an accomplice may be sufficient to convict an accused but a cautionary instruction is warranted where the testimony is unreasonable, self contradictory or substantially impeached.) (quoting ***Ballenger v. State***, 667 So. 2d 1242, 1253 (Miss. 1995)). The testimony of an accomplice is not required to be viewed with great caution and suspicion just because he is an accomplice, but instead it is only that portion of an accomplice's testimony which is uncorroborated by other evidence which is viewed with great caution and suspicion. The jury instruction given by

9

the trial court properly stated that if the jury found the testimony of the alleged accomplice to be uncorroborated by other evidence, then the jury should view his testimony with great caution and suspicion. This is a correct statement of the law, and the trial court did not err in refusing the defense's proposed instruction D-1.

### III. Sufficiency of the evidence and weight of the evidence.

¶29. Although captioned as a sufficiency of the evidence appeal, Smith briefed the issue as a challenge to the weight of the evidence. Since the standard of review for a challenge to weight of the evidence is quite different from a challenge to sufficiency of the evidence, we will analyze under both standards.

*Weight of the evidence*

¶30. In *Dunn v. State,* 891 So.2d 822, 826 (Miss. 2005), we held that

> [A] new trial will not be given unless the verdict is so contrary to the overwhelming weight of the evidence that an unconscionable injustice would occur by allowing the verdict to stand. *Groseclose v. State*, 440 So.2d 297, 300 (Miss.1983). However, if a jury verdict convicting a defendant is against the overwhelming weight of the evidence, then the remedy is to grant a new trial. *Collier v. State*, 711 So.2d 458, 461 (Miss.1998).

¶31. Contrary to Smith's assertions, the verdict is not against the overwhelming weight of the evidence. It is true that Craft was unable to give a full description to the police of the driver of the vehicle, but she was able to pick Smith out of a photograph line-up. She testified that she got a good look at Smith when he pulled up beside her and that she was 100% sure that Smith was the driver of the car that boxed her in.

¶32. Additionally, Smith was pulled over driving the stolen vehicle. Upon police questioning regarding the stolen vehicle, he admitted to having dropped Simmons off at a gas station near

10

the carjacking site on the night in question.[3]    According to Simmons's testimony, Smith said

he needed to find a car similar to his own in order to make repairs.  Smith owned a 1987 gray

Chevrolet Caprice but was arrested driving a 1990 blue Chevrolet Caprice.   Further, Smith

testified that on a separate occasion, he drove Simmons somewhere in North Jackson so that

Simmons could steal a car.   With this evidence and the reasonable inferences therefrom, no

unconscionable injustice will occur by letting the verdict stand.

*Sufficiency of the evidence*

¶33.    We recently clarified the distinction between the standard of review for challenges

concerning the weight of the evidence versus challenges concerning the sufficiency of the

evidence.  *See **Roche v. State,*** __ So.2d__, 2005 WL 851347, *6 -8(Miss. 2005); ***Bush v.***

***State,***   895 So.2d 836, 842-45 (Miss. 2005).   When analyzing a trial court's verdict for

sufficiency of the evidence, we employ this standard of review:

> In ***Carr v. State***, 208 So. 2d 886, 889 (Miss. 1968), we stated that in
> considering whether the evidence is sufficient to sustain a conviction in the face
> of a motion for directed verdict or for judgment notwithstanding the verdict, the
> critical inquiry is whether the evidence shows 'beyond a reasonable doubt that
> accused committed the act charged, and that he did so under such circumstances
> that every element of the offense existed; and where the evidence fails to meet
> this test it is insufficient to support a conviction.'   However, this inquiry does
> not require a court to
>> 'ask itself whether *it* believes that the evidence at the trial
>> established guilt beyond a reasonable doubt.'  Instead, the relevant
>> question is whether, after viewing the evidence in the light most
>> favorable to the prosecution, any rational trier of fact could have
>> found the essential elements of the crime beyond a reasonable
>> doubt.

---

[3]Smith denied being in the area or with Simmons on the date of the carjacking at trial but for
purposes of weight of the evidence, we must examine all evidence in the light most favorable to the
verdict.

*Jackson v. Virginia*, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (citations omitted) (emphasis in original). Should the facts and inferences considered in a challenge to the sufficiency of the evidence 'point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty,' the proper remedy is for the appellate court to reverse and render[, i.e. reverse and discharge]. *Edwards v. State*, 469 So. 2d 68, 70 (Miss. 1985) (citing *May v. State*, 460 So. 2d 778, 781 (Miss. 1984); *see also Dycus v. State*, 875 So. 2d 140, 164 (Miss. 2004). However, if a review of the evidence reveals that it is of such quality and weight that, 'having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense,' the evidence will be deemed to have been sufficient.

*Bush v. State,* 895 So.2d at 843.

¶34. In order for the jury to find a defendant guilty of carjacking, the State must prove the following statutory elements: (1) a taking of a motor vehicle (2) from someone's immediate actual possession (3) by force, stealth or violence. Miss. Code Ann. § 97-3-117. Force or violence includes putting the victim in fear of the same. Miss. Code Ann. § 97-3-117(1). Use of a firearm or other deadly or dangerous weapon elevates the crime to armed carjacking. Miss. Code Ann. § 97-3-117(2).

¶35. Craft, testified that two men stole her vehicle at gunpoint while she was stopped at a stop sign. Smith does not dispute that (1) Craft's car was stolen (2) while it was in her immediate possession by force (3) with a gun. Therefore, the State met its burden of producing evidence as to every element of armed carjacking.

¶36. Finding no merit in either a weight of the evidence or a sufficiency of the evidence challenge, we affirm the trial court's denial of a direct verdict in favor of Smith and denial of Smith's motion for J.N.O.V.

## CONCLUSION

¶37.    We find no error and affirm the trial court's judgment.

¶38.    **CONVICTION OF ARMED CARJACKING AND SENTENCE OF THIRTY (30) YEARS, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, TOGETHER WITH A PAYMENT OF A FINE OF $10,000, AFFIRMED. SENTENCE IN THIS CAUSE SHALL RUN CONCURRENTLY WITH THE SENTENCE IN CAUSE NUMBER 02-0-031-04.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY AND CARLSON, JJ., CONCUR. GRAVES AND RANDOLPH, JJ., CONCUR IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**