# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-KA-00080-SCT

*WILLIE L. WILLIAMS, JR.*

*v.*

*STATE OF MISSISSIPPI*

DATE OF JUDGMENT:                      11/17/2008
TRIAL JUDGE:                           HON. RICHARD A. SMITH
COURT FROM WHICH APPEALED:             SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:               OFFICE OF INDIGENT APPEALS
                                       BY:  ERIN ELIZABETH PRIDGEN
                                            LESLIE S. LEE
                                       ROSHARWIN LEMOYNE WILLIAMS
ATTORNEY FOR APPELLEE:                 OFFICE OF THE ATTORNEY GENERAL
                                       BY: W. GLENN WATTS
DISTRICT ATTORNEY:                     WILLIE DEWAYNE RICHARDSON
NATURE OF THE CASE:                    CRIMINAL - FELONY
DISPOSITION:                           REVERSED AND REMANDED - 04/15/2010
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     Following a jury trial, Willie L. Williams, Jr., was convicted of attempted armed robbery and sentenced to fifteen years' incarceration with ten years to serve. Finding that the trial court erred by refusing a cautionary jury instruction on accomplice testimony, we reverse and remand the case for a new trial.

**Facts**

¶2.     Stephanie Cannon owned and operated Stephanie's Discount Store in Ruleville, Mississippi. On March 22, 2007, she was working in her store when a young man entered and inquired about a certain brand of jeans. Moments later, another man, his face covered with a white shirt, entered the store and pointed a handgun at her. Cannon immediately grabbed her handgun and commenced shooting. Both men fled the store, and, in the process, one dropped a firearm just inside the doorway. When one of the men came back to retrieve the weapon, Cannon shot him. The wounded man ran across the street, leaving a trail of blood.

¶3.     Cannon called the police and informed them that two men had attempted to rob her. One of the responding officers followed the blood trail and found Terrence Young wounded and lying on the ground behind a nearby house. Young was immediately transported to a hospital. Both handguns wielded by the suspects were recovered by officers, along with a white T-shirt and a blue T-shirt. Two holes had been cut in each shirt, which, according to the testifying officer, appeared to be holes for eyes.

¶4.     Later that day, Montreal Veal went to the police station looking for his cousin, Terrence Young. When questioned about the incident, Veal told police officers that Young and Williams had attempted to rob Cannon's store, but that he, Veal, was not involved. His claim of innocence notwithstanding, Veal was arrested.

¶5.    Williams also was questioned and arrested that day. Like Veal, he denied any involvement, and told officers that Young and Veal were the real perpetrators.[1]

¶6.    A few days later, while still hospitalized, Young told the police that he, Montreal Veal, and Willie Williams, Jr., had attempted to rob Cannon's store. Young's trial testimony, though more detailed, was consistent with the statement he had given police. According to Young, he and Veal went to Williams's house on the morning of the robbery attempt after Williams had called and invited them over. Young testified that, once they all had arrived, Williams asked for Young's handgun so he could rob Cannon's store. Young testified that the three men devised a plan whereby Veal would enter the store first and distract the clerk. Next, Young and Williams would enter the store, their faces covered, with Williams carrying the gun.

¶7.    Young testified that the robbery began as planned. According to Young, Veal entered the store first while Young and Williams waited, their faces covered with T-shirts. Williams entered a few minutes later, Young said, pointing the firearm at Cannon, but made it into the store only a few steps before Cannon started shooting. Young testified that he had merely approached the door of the business before all three men were forced to flee from Cannon's gunfire. When Williams told Young that he had dropped the handgun, Young decided to retrieve it. As Young entered the store and attempted to grab his weapon, Cannon shot him in his abdomen.

---

[1]The three men were jointly indicted, but the State agreed to a severance of Williams's case for trial.

3

¶8.      Veal also testified at trial, and despite his earlier statement claiming no involvement in the crime, he gave a version of events quite similar to Young's.  Veal testified that he initially had denied being involved because he was afraid.

¶9.      Williams testified in his own defense, maintaining that Veal and Young were the only two involved in the crime.  According to Williams, he did not invite the other men to his house that day, claiming that the two men simply had run out of gasoline near his house. Williams testified that he remained at his house while Veal and Young left to go find gas money from a relative who lived nearby, and that he had no idea they were involved in an attempted robbery until Veal returned and said that Young had been shot.  Williams said that he was outside his house, talking with a friend, Cherokee Cox, when the incident took place. Although Cox was identified by Williams, prior to trial, as a potential alibi witness, she was not called to testify.

¶10.     The jury found Williams guilty of attempted armed robbery; but because the jury was unable to agree upon a life sentence, the judge conducted a separate sentencing hearing.  *See* Miss. Code Ann. § 97-3-79 (Rev. 2006).  Following that hearing, the trial judge sentenced Williams to fifteen years in custody, with ten of those years to be served, followed by five years of post-release supervision.

## Discussion

¶11.     Williams raises two issues on appeal: (1) whether the trial judge erred in refusing a

4

cautionary jury instruction regarding accomplice testimony; and (2) whether the trial judge erred by not ordering a mistrial, *sua sponte,* due to improper comments by the prosecution during closing arguments.  We find the first issue dispositive.

¶12.     "Clear law in the State of Mississippi is that the jury is to regard the testimony of co-conspirators with great caution and suspicion." ***Derden v. State***, 522 So. 2d 752, 754 (Miss. 1988) (citing ***Winters v. State***, 449 So. 2d 766, 771 (Miss. 1984); ***Simpson v. State***, 366 So. 2d 1085 (Miss. 1979); ***Thomas v. State***, 340 So. 2d 1 (Miss. 1976)).  When determining whether a defendant is entitled to such a cautionary instruction, the trial judge considers whether the witness was in fact an accomplice and whether the witness's testimony was corroborated.  ***Brown v. State***, 890 So. 2d 901, 910 (Miss. 2004) (citing ***Burke v. State***, 576 So. 2d 1239, 1242 (Miss. 1991)).  Although granting a cautionary instruction regarding the testimony of an accomplice is within the trial judge's discretion, such an instruction is required when the accomplice's testimony is the sole basis for the conviction, and the defendant's guilt is not clearly proven.  ***Wheeler v. State***, 560 So. 2d 171, 173 (Miss. 1990) (citing ***Holmes v. State***, 481 So. 2d 319, 322-23 (Miss. 1985); ***Hussey v. State***, 473 So. 2d 478, 480 (Miss. 1985)).

¶13.    In refusing the proposed instruction the trial judge stated,

> There is a case of Collum, C-O-L-L-U-M, that gives the two part test for accomplice's testimony.  Of course, it has got to be an accomplice, but also it has got to be substantially impeached or unreasonable and it does not meet that burden under the two part test of Collum, so that would [be] refused.

5

¶14.    We are unable to locate a Mississippi case involving a defendant named Collum which also addresses accomplice testimony.  In addition, it appears that the trial judge incorrectly described the test governing whether accomplice testimony, standing alone, is sufficient to support a conviction.  While there are Mississippi cases that refer to "unreasonable" or "substantially impeached" accomplice testimony, they tend to focus on whether such testimony is sufficient to support a conviction, not whether a cautionary jury instruction is proper.  *E.g.*, ***Payton v. State***, 897 So. 2d 921, 937 (Miss. 2003); ***Brown v. State***, 682 So. 2d 340, 344 (Miss. 1996); ***Ballenger v. State***, 667 So. 2d 1242, 1253 (Miss. 1995); ***Mason v. State***, 429 So. 2d 569, 571 (Miss. 1983); ***Moody v. State***, 371 So. 2d 408 (Miss. 1979).  The controlling principle is that "the uncorroborated testimony of an accomplice may be sufficient to convict an accused. . . . However, the general rule is inapplicable in those cases where the testimony is unreasonable, self contradictory or substantially impeached." ***Ballenger***, 667 So. 2d at 1253 (quoting ***Flanagan v. State***, 605 So. 2d 753, 757-58 (Miss. 1992)).  In such cases, the trial court must direct a verdict of not guilty.  ***Id.***

¶15.    The test for whether evidence is sufficient to support a conviction is more stringent than the test for whether the evidence warrants a cautionary jury instruction.  In the first instance, the case never reaches the jury, and the defendant is acquitted.  *See, e.g.,* ***Catchings v. State***, 394 So. 2d 869, 870 (Miss. 1981) (citations omitted).  In the second instance, the jury is permitted to find the defendant guilty or not guilty, but is instructed that the uncorroborated testimony of an accomplice should be regarded with "great caution and

6

suspicion." ***Walton v. State***, 998 So. 2d 971, 977 (Miss. 2008) (quoting ***Strahan v. State****,* 729 So. 2d 800, 805 (Miss. 1998)).

¶16.    On appeal, both the State and Williams make the same mistake as the trial court.  Both argue that the accomplice's testimony must be "self-contradictory" or "substantially impeached" to warrant a cautionary instruction, but the cases on which they rely address the sufficiency of the evidence.  The State does quote a case from the Court of Appeals that held, "[a] cautionary instruction is warranted when the testimony of an accomplice is 'unreasonable, self contradictory or substantially impeached.' " ***Clemons v. State***, 952 So. 2d 314, 318 (Miss. Ct. App. 2007) (quoting ***Ballenger***, 667 So. 2d at 1253).  However, ***Clemons*** relies on this Court's decision in ***Ballenger*** which, as discussed above, sets forth the test for whether the uncorroborated testimony of an accomplice is sufficient to support a conviction, not whether a cautionary instruction is required.

¶17.    This Court also has confused the two tests.  In ***Ellis v. State***, 790 So. 2d 813, 816 (Miss. 2001), just as in ***Clemons***, this Court relied on ***Ballenger*** to conclude that "a cautionary instruction is warranted when the testimony of an accomplice is 'unreasonable, self contradictory or substantially impeached.' " ***Ellis***, 790 So. 2d at 816 (quoting ***Ballenger***, 667 So. 2d at 1253).  And, although it did not affect the outcome, this Court repeated ***Ellis***'s mistaken announcement of the rule in *obiter dicta* in ***Smith v. State,*** 907 So. 2d 292, 298 (Miss. 2005) (citing ***Ellis***, 790 So. 2d at 816).  To the extent that ***Ellis*** and ***Clemons*** suggest that accomplice testimony must be "unreasonable, self-contradictory, or substantially impeached" before a cautionary jury instruction is required, they are overruled.  We now

7

clarify that for a defendant to be entitled to a cautionary jury instruction, it is only necessary that the accomplice's testimony be uncorroborated. *Brown*, 682 So. 2d at 344.

¶18. Here, the State argues that the testimony of Veal and Young was substantially corroborated by other evidence. For example, the State points out that Young identified the dropped handgun that was found in the store and that police officers were able to corroborate Young's statement that he was shot.

¶19. However, none of this supports Young's or Veal's claims that Williams was involved in the attempted robbery. In determining whether a cautionary jury instruction is required, the testimony that must be corroborated is the testimony tying the defendant on trial to the crime, and it is irrelevant whether other portions of the accomplice's testimony are corroborated. *Holmes*, 481 So. 2d at 322. In *Holmes*, this Court reversed a conviction for failure to give a cautionary jury instruction where the only evidence directly tying the defendant to the crime was the testimony of his accomplice. The accomplice, Everette Thompson, testified that he and the defendant burglarized a local co-op store. *Id.* at 320. The Court noted that there was a footprint at the scene that matched one of Thompson's shoes, but that this fact merely "corroborate[d] Thompson's admission that *he* had committed the crime." *Id.* at 322 (emphasis in original). According to the opinion, the Court "examined the record and . . . found no testimony which corroborates that of Everette Thompson as it refers to [the defendant]." *Id.* The Court reversed, saying that "[w]ithout the testimony of Everette Thompson, there is nothing to indicate that [the defendant] was in any way involved in the burglary of the Co-op." *Id.*

8

¶20.    Likewise, in the instant case, there is nothing, other than Young and Veal's testimony, tying Williams to the crime.  Without their statements, the evidence would have been insufficient to support a conviction, a fact that is undisputed by the State.  When the only evidence against the defendant is the testimony of an accomplice, "the trial judge must accede to the accused's request and grant a cautionary jury instruction." *Id.* at 323 (citing *Catchings*, 394 So. 2d at 870; *Green v. State*, 456 So. 2d 757, 758 (Miss. 1984)).

¶21.    At trial, the prosecutor argued that "the testimony of the co-defendants has been corroborated . . . by each other."  Although the State does not make the same argument on appeal, we note that testifying accomplices cannot corroborate each other sufficiently to obviate the necessity of a cautionary jury instruction.  This Court has held that a cautionary jury instruction is required even though multiple accomplices testify and may corroborate each other. *E.g., Burns v. State*, 729 So. 2d 203, 223 (Miss. 1998); *Derden*, 522 So. 2d at 754.  In addition, there is the well-settled rule that a cautionary jury instruction is required when the State's case is based upon the testimony of an accomplice corroborated only by a confidential informant. *Austin v. State*, 784 So. 2d 186, 193 (Miss. 2001) (citing *Edwards v. State,* 630 So. 2d 343, 344 (Miss. 1994); *Parker v. State,* 378 So. 2d 662, 663 (Miss. 1980)).  This is because *both* accomplice and informant testimony are, "by [their] very nature, looked upon with suspicion and distrust." *Id.*  If a confidential informant cannot corroborate an accomplice's testimony because both are inherently untrustworthy, it follows that testifying accomplices cannot corroborate each other for the same reason.

¶22.    Therefore, because the trial court failed to grant Williams's cautionary jury instruction regarding the uncorroborated testimony of his co-defendants, the conviction is reversed, and the case is remanded for further proceedings.

¶23.    **REVERSED AND REMANDED.**

   **WALLER, C.J., GRAVES, P.J., DICKINSON, LAMAR, CHANDLER AND PIERCE, JJ., CONCUR.   CARLSON, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., DICKINSON, RANDOLPH, LAMAR AND PIERCE, JJ.**

   **CARLSON, PRESIDING JUSTICE, SPECIALLY CONCURRING:**

¶24.    While I agree with the majority opinion that Williams's conviction and sentence must be reversed and this case remanded for a new trial due to the trial court's failure to give an accomplice instruction, I write separately in order to expand the discussion on accomplice testimony and the accomplice instruction.

¶25.    The majority opinion correctly notes that a trial judge has, at the most, only two questions to answer in making a determination as a matter of law on whether an accomplice instruction should be given.  First of all, the trial judge must determine whether the target witness for whom the cautionary instruction is being considered is an accomplice.  ***Brown v. State***, 890 So. 2d 901, 910 (Miss. 2004) (citing ***Burke v. State***, 576 So. 2d 1239, 1242 (Miss. 1991)).  If the first question is answered in the affirmative, then the second question the trial judge must answer is whether the accomplice's testimony is uncorroborated.  ***Id.***  If the second question is also answered in the affirmative, the trial judge must give the

appropriate cautionary instruction for an accomplice on pain of reversal for his/her failure to do so.

¶26. In *Slaughter v. State*, 815 So. 2d 1122, 1134 (Miss. 2002), we took the opportunity to once again define an accomplice in the criminal context:

> This Court has defined an accomplice in prior case law. "An accomplice is a person who is implicated in the commission of a crime." *Brewer v. State*, 725 So. 2d 106, 124 (Miss. 1998). An accomplice has also been defined by this Court as "a person who is implicated in the commission of the crime. That is to say, that if the evidence admits a reasonable inference that the witness may have been a co-perpetrator or the sole perpetrator the cautionary instruction should be given." *Williams v. State*, 729 So. 2d 1181, 1188 (Miss. 1998) (citing *Dedeaux v. State*, 125 Miss. 326, 87 So. 664 (1921)); *Burke v. State* 576 So. 2d [1239] at 1242 [(Miss. 1991)].

*Slaughter*, 815 So. 2d at 1134. In fact, to be considered an accomplice in a case, it is not even necessary that the target witness be prosecuted for the crime. *Williams v. State*, 729 So. 2d 1181, 1189 (Miss. 1998). Thus, without question, in today's case, Montreal Veal and Terrence Young were accomplices.

¶27. The majority opinion thoroughly addresses the second prong of the accomplice-instruction test concerning whether the testimony of the accomplice(s) is uncorroborated. As noted in the majority opinion, the only testimony in today's case concerning the commission of the crime comes from Veal, Young, and Stephanie Cannon, the victim, who is the owner and operator of Stephanie's Discount Store, the target of the attempted robbery. To this day, Cannon has been unable to identify the men who attempted to rob her on the day in question. Thus, as stated in the majority opinion, we are left with the testimony of Veal and Young, both accomplices in this crime, as the only evidence linking Williams to the

11

crime. "[S]ince there was no corroboration of the testimony of these three [accomplices], other than each other, the [accomplice] instruction would be mandatory." *Williams*, 729 So. 2d at 1189 (citing *Holmes v. State*, 481 So. 2d 319, 322-23 (Miss. 1985); *Hussey v. State*, 473 So. 2d 478, 480 (Miss. 1985)); *see also Edwards v. State*, 630 So. 2d 343, 343-44 (Miss. 1994).

¶28.    Although the majority recites the critical portion of the jury-instruction conference between the lawyers and the trial judge, I wish to set out verbatim from the record additional discussion during the jury-instruction conference as it relates to proffered instruction number D-11, which is the accomplice instruction submitted by defense counsel for consideration by the trial court:

> BY THE COURT: Okay. And eleven, D-11, the accomplice's testimony. Any objection from the State?
>
> BY [THE PROSECUTOR]: Yes, sir. I don't think that is warranted under the proof as it sits for the Court. I think that's only proper where the proof offered is the uncorroborated testimony of a co-defendant or an accomplice. In this case the State would argue that the testimony offered by the co-defendants has been corroborated by the victim, at least by the victim and by each other. We don't think it is proper.
>
> BY THE COURT: Anything else from the Defense on that?
>
> BY [DEFENSE COUNSEL]: We would state that there has not been any corroboration outside the fact that she [victim] says there was a person present.
>
> BY THE COURT: There is a case of Collum, C-O-L-L-U-M, that gives the two part test for accomplice's testimony. Of course, it has got to be an accomplice, but also it has got to be substantially impeached or unreasonable and it does not meet that burden under the two part test of Collum, so that would refused (sic).

¶29. Even though I disagree with the prosecutor's argument concerning the existence of corroboration of the accomplices' testimony, at least the prosecutor argued against the accomplice instruction for the correct legal reason. As noted above, the prosecutor correctly argued to the trial judge that an accomplice instruction should be given only when the testimony of an accomplice is uncorroborated. However, notwithstanding the prosecutor's argument, and as correctly pointed out in the majority opinion, in considering whether the accomplice instruction should have been given in this case, the trial judge made his decision, not on whether the testimony of Veal and/or Young was uncorroborated, but instead, *sua sponte*, on whether the testimony of Veal and/or Young was "substantially impeached or unreasonable." The only time a trial judge is required to consider the issue of whether an accomplice's testimony is unreasonable, self-contradictory, or substantially impeached is when the trial judge is confronted with a defense motion for a directed verdict during trial, or a post-trial motion for judgment notwithstanding the verdict which challenges the legal sufficiency of the evidence. *See, e.g.*, **Ballenger v. State,** 667 So. 2d 1242, 1253 (Miss. 1995) (citing **Flanagan v. State**, 605 So. 2d 753, 757-58 (Miss. 1992)). Likewise, it is the responsibility of this Court to consider these same factors when considering on appeal a challenge to the legal sufficiency of the evidence to sustain a conviction.[2]

_____

[2]To be clear, notwithstanding this discussion, the law of this State continues to be that the general rule is the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction. **Ballenger**, 667 So. 2d at 1253 (citing **Mason v. State**, 429 So. 2d 569, 571 (Miss. 1983)).

¶30.    Quite frankly, I would suggest to our trial judges that when confronted with the issue of whether to give an accomplice instruction, if there is any doubt at all as to whether the testimony of the accomplice is uncorroborated, the accomplice instruction ought to be given in the following form:

> The Court instructs the jury that John Doe is an accomplice in this case. The Court has already instructed you that you, as jurors, are the sole judges of the weight and credit to be assigned the testimony and supporting evidence of each witness who has testified in this case. However, since John Doe is an accomplice in this case, any testimony of John Doe which you find to be uncorroborated by other evidence should be viewed with great caution and suspicion if you find such uncorroborated testimony to be unreasonable, self contradictory, or substantially impeached.

¶31.    Finally, in addressing that part of the majority opinion which would overrule this Court's decision in *Ellis v. State*, 790 So. 2d 813, 816 (Miss. 2001), and the Court of Appeals' decision in *Clemons v. State*, 952 So. 2d 314, 318 (Miss. Ct. App. 2007), I cannot find fault with the majority opinion's analysis as to *Ellis* and *Clemons*, because both these cases appear to misstate *Ballenger*, which clearly was addressing the "unreasonable, self contradictory or substantially impeached" aspect of an accomplice's testimony from the standpoint of addressing the legal sufficiency of the evidence to sustain a conviction. *Ballenger*, 667 So. 2d at 1253. The discussion in *Ballenger* had nothing to do with the issue of whether an accomplice instruction should have been given. *Id.* at 1252-53. Concerning the majority's discussion of *Smith v. State*, 907 So. 2d 292, 298 (Miss. 2005), while *Smith* admittedly does carry forward the same quote from *Ellis* citing *Ballenger* (907 So. 2d at

14

298), **Smith** correctly guides the trial bench and bar as to when an accomplice instruction is required and the general form which the instruction should take.

> Additionally, proposed jury instruction D-1 states that an accomplice's testimony must "*always* be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses." This is an incorrect statement of the law. We take this opportunity to clarify that when an accomplice instruction is required, the trial court (as was done in this case) must inform the jury that an accomplice's testimony *which is uncorroborated by other evidence* must be viewed with great caution and suspicion. **Black v. State**, 336 So. 2d 1302, 1303 (Miss. 1976) (citing **Hutchins v. State**, 220 So. 2d 276 (Miss. 1969); **Cole v. State**, 217 Miss. 779, 65 So. 2d 262 (1953)). *See also* **Brown v. State**, 890 So. 2d 901, 910-911 (Miss. 2004); **Ellis v. State,** 790 So. 2d 813, 816 (Miss. 2001) (Uncorroborated testimony of an accomplice may be sufficient to convict an accused but a cautionary instruction is warranted where the testimony is unreasonable, self contradictory or substantially impeached.) (quoting **Ballenger v. State**, 667 So. 2d 1242, 1253 (Miss. 1995)). The testimony of an accomplice is not required to be viewed with great caution and suspicion just because he is an accomplice, but instead it is only that portion of an accomplice's testimony which is uncorroborated by other evidence which is viewed with great caution and suspicion. The jury instruction given by the trial court properly stated that if the jury found the testimony of the alleged accomplice to be uncorroborated by other evidence, then the jury should view his testimony with great caution and suspicion. This is a correct statement of the law, and the trial court did not err in refusing the defense's proposed instruction D-1.

**Smith**, 907 So. 2d at 298 (emphasis in original).

¶32.    In sum, I would encourage our trial judges to give accomplice instructions without hesitation when justified by the evidence and the applicable law. If error is to be made when considering a properly worded accomplice instruction, err on the side of giving the accomplice instruction.

¶33.    Having offered my views on accomplice testimony and the accomplice instruction in general, the inescapable conclusion in today's case is that because the only direct evidence

15

linking Willie Williams to the robbery was the testimony of two accomplices, Montreal Veal and Terrence Young, and because the trial judge refused to instruct the jury concerning accomplice testimony, I concur in the majority opinion reversing Williams's conviction and sentence and remanding to the trial court for another trial.

**WALLER, C.J., DICKINSON, RANDOLPH, LAMAR AND PIERCE, JJ., JOIN THIS OPINION.**