CARLSON, Presiding Justice,
Specially Concurring:
¶ 24. While I agree with the majority opinion that Williams’s conviction and sentence must be reversed and this case remanded for a new trial due to the trial court’s failure to give an accomplice instruction, I write separately in order to expand the discussion on accomplice testimony and the accomplice instruction.
¶25. The majority opinion correctly notes that a trial judge has, at the most, only two questions to answer in making a determination as a matter of law on whether an accomplice instruction should be given. First of all, the trial judge must determine whether the target witness for whom the cautionary instruction is being considered is an accomplice. Brown v. State, 890 So.2d 901, 910 (Miss. 2004) (citing Burke v. State, 576 So.2d 1239, 1242 (Miss.1991)). If the first question is answered in the affirmative, then the second question the trial judge must answer is whether the accomplice’s testimony is uncorroborated. Id. If the second *493 question is also answered in the affirmative, the trial judge must give the appropriate cautionary instruction for an accomplice on pain of reversal for his/her failure to do so.
¶ 26. In Slaughter v. State, 815 So.2d 1122, 1134 (Miss.2002), we took the opportunity to once again define an accomplice in the criminal context:
This Court has defined an accomplice in prior case law. “An accomplice is a person who is implicated in the commission of a crime.” Brewer v. State, 725 So.2d 106, 124 (Miss.1998). An accomplice has also been defined by this Court as “a person who is implicated in the commission of the crime. That is to say, that if the evidence admits a reasonable inference that the witness may have been a co-perpetrator or the sole perpetrator the cautionary instruction should be given.” Williams v. State, 729 So.2d 1181, 1188 (Miss.1998) (citing Dedeaux v. State, 125 Miss. 326, 87 So. 664 (1921)); Burke v. State 576 So.2d [1239] at 1242 [ (Miss.1991) ].
Slaughter, 815 So.2d at 1134. In fact, to be considered an accomplice in a case, it is not even necessary that the target witness be prosecuted for the crime. Williams v. State, 729 So.2d 1181, 1189 (Miss.1998). Thus, without question, in today’s case, Montreal Veal and Terrence Young were accomplices.
¶ 27. The majority opinion thoroughly addresses the second prong of the accomplice-instruction test concerning whether the testimony of the accomplice(s) is uncorroborated. As noted in the majority opinion, the only testimony in today’s case concerning the commission of the crime comes from Veal, Young, and Stephanie Cannon, the victim, who is the owner and operator of Stephanie’s Discount Store, the target of the attempted robbery. To this day, Cannon has been unable to identify the men who attempted to rob her on the day in question. Thus, as stated in the majority opinion, we are left with the testimony of Veal and Young, both accomplices in this crime, as the only evidence linking Williams to the crime. “[S]ince there was no corroboration of the testimony of these three [accomplices], other than each other, the [accomplice] instruction would be mandatory.” Williams, 729 So.2d at 1189 (citing Holmes v. State, 481 So.2d 319, 322-23 (Miss.1985); Hussey v. State, 473 So.2d 478, 480 (Miss.1985)); see also Edwards v. State, 630 So.2d 343, 343-44 (Miss.1994).
¶ 28. Although the majority recites the critical portion of the jury-instruction conference between the lawyers and the trial judge, I wish to set out verbatim from the record additional discussion during the jury-instruction conference as it relates to proffered instruction number D-ll, which is the accomplice instruction submitted by defense counsel for consideration by the trial court:
BY THE COURT: Okay. And eleven, D-ll, the accomplice’s testimony. Any objection from the State?
BY [THE PROSECUTOR]: Yes, sir. I don’t think that is warranted under the proof as it sits for the Court. I think that’s only proper where the proof offered is the uncorroborated testimony of a co-defendant or an accomplice. In this case the State would argue that the testimony offered by the co-defendants has been corroborated by the victim, at least by the victim and by each other. We don’t think it is proper.
BY THE COURT: Anything else from the Defense on that?
BY [DEFENSE COUNSEL]: We would state that there has not been any corroboration outside the fact that she [victim] says there was a person present. *494 BY THE COURT: There is a ease of Collum, C-O-L-L-U-M, that gives the two part test for accomplice’s testimony. Of course, it has got to be an accomplice, but also it has got to be substantially impeached or unreasonable and it does not meet that burden under the two part test of Collum, so that would refused (sic).
¶ 29. Even though I disagree with the prosecutor’s argument concerning the existence of corroboration of the accomplices’ testimony, at least the prosecutor argued against the accomplice instruction for the correct legal reason. As noted above, the prosecutor correctly argued to the trial judge that an accomplice instruction should be given only when the testimony of an accomplice is uncorroborated. However, notwithstanding the prosecutor’s argument, and as correctly pointed out in the majority opinion, in considering whether the accomplice instruction should have been given in this case, the trial judge made his decision, not on whether the testimony of Veal and/or Young was uncorroborated, but instead, sua sponte, on whether the testimony of Veal and/or Young was “substantially impeached or unreasonable.” The only time a trial judge is required to consider the issue of whether an accomplice’s testimony is unreasonable, self-contradictory, or substantially impeached is when the trial judge is confronted with a defense motion for a directed verdict during trial, or a post-trial motion for judgment notwithstanding the verdict which challenges the legal sufficiency of the evidence. See, e.g., Ballenger v. State, 667 So.2d 1242, 1253 (Miss.1995) (citing Flanagan v. State, 605 So.2d 753, 757-58 (Miss.1992)). Likewise, it is the responsibility of this Court to consider these same factors when considering on appeal a challenge to the legal sufficiency of the evidence to sustain a conviction.[2]
¶ 30. Quite frankly, I would suggest to our trial judges that when confronted with the issue of whether to give an accomplice instruction, if there is any doubt at all as to whether the testimony of the accomplice is uncorroborated, the accomplice instruction ought to be given in the following form:
The Court instructs the jury that John Doe is an accomplice in this case. The Court has already instructed you that you, as jurors, are the sole judges of the weight and credit to be assigned the testimony and supporting evidence of each witness who has testified in this case. However, since John Doe is an accomplice in this case, any testimony of John Doe which you find to be uncorroborated by other evidence should be viewed with great caution and suspicion if you find such uncorroborated testimony to be unreasonable, self contradictory, or substantially impeached.
¶ 31. Finally, in addressing that part of the majority opinion which would overrule this Court’s decision in Ellis v. State, 790 So.2d 813, 816 (Miss.2001), and the Court of Appeals’ decision in Clemons v. State, 952 So.2d 314, 318 (Miss.Ct.App.2007), I cannot find fault with the majority opinion’s analysis as to Ellis and Clemons, because both these cases appear to misstate Ballenger, which clearly was addressing the “unreasonable, self contradictory or substantially impeached” aspect of an accomplice’s testimony from the standpoint of addressing the legal sufficiency of the evidence to sustain a conviction. Ballen- *495 ger, 667 So.2d at 1253. The discussion in Ballenger had nothing to do with the issue of whether an accomplice instruction should have been given. Id. at 1252-53. Concerning the majority’s discussion of Smith v. State, 907 So.2d 292, 298 (Miss. 2005), while Smith admittedly does carry forward the same quote from Ellis citing Ballenger (907 So.2d at 298), Smith correctly guides the trial bench and bar as to when an accomplice instruction is required and the general form which the instruction should take.
Additionally, proposed jury instruction D-l states that an accomplice’s testimony must “always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.” This is an incorrect statement of the law. We take this opportunity to clarify that when an accomplice instruction is required, the trial court (as was done in this case) must inform the jury that an accomplice’s testimony which is uncorroborated by other evidence must be viewed with great caution and suspicion. Black v. State, 336 So.2d 1302, 1303 (Miss.1976) (citing Hutchins v. State, 220 So.2d 276 (Miss. 1969); Cole v. State, 217 Miss. 779, 65 So.2d 262 (1953)). See also Brown v. State, 890 So.2d 901, 910-911 (Miss. 2004); Ellis v. State, 790 So.2d 813, 816 (Miss.2001) (Uncorroborated testimony of an accomplice may be sufficient to convict an accused but a cautionary instruction is warranted where the testimony is unreasonable, self contradictory or substantially impeached.) (quoting Ballenger v. State, 667 So.2d 1242, 1253 (Miss.1995)). The testimony of an accomplice is not required to be viewed with great caution and suspicion just because he is an accomplice, but instead it is only that portion of an accomplice’s testimony which is uncorroborated by other evidence which is viewed with great caution and suspicion. The jury instruction given by the trial court properly stated that if the jury found the testimony of the alleged accomplice to be uncorroborated by other evidence, then the jury should view his testimony with great caution and suspicion. This is a correct statement of the law, and the trial court did not err in refusing the defense’s proposed instruction D-l.
Smith, 907 So.2d at 298 (emphasis in original).
¶ 32. In sum, I would encourage our trial judges to give accomplice instructions without hesitation when justified by the evidence and the applicable law. If error is to be made when considering a properly worded accomplice instruction, err on the side of giving the accomplice instruction.
¶ 33. Having offered my views on accomplice testimony and the accomplice instruction in general, the inescapable conclusion in today’s case is that because the only direct evidence linking Willie Williams to the robbery was the testimony of two accomplices, Montreal Veal and Terrence Young, and because the trial judge refused to instruct the jury concerning accomplice testimony, I concur in the majority opinion reversing Williams’s conviction and sentence and remanding to the trial court for another trial.
WALLER, C.J., DICKINSON, RANDOLPH, LAMAR AND PIERCE, JJ., JOIN THIS OPINION.

. To be clear, notwithstanding this discussion, the law of this State continues to be that the general rule is the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction. Ballenger, 667 So.2d at 1253 (citing Mason v. State, 429 So.2d 569, 571 (Miss. 1983)).